2000 ME 106

**Eric KOSALKA et al.**

v.

**TOWN OF GEORGETOWN.**

Supreme Judicial Court of Maine.

Argued April 3, 2000.

Decided June 1, 2000.

---

Curtis Webber (orally), Linnell, Choate & Webber, LLP, Auburn, for plaintiffs.

James B. Haddow (orally), Bruce A. McGlauflin, Petruccelli & Martin, LLP, Portland, for abutting landowners, defendants. Carl W. Stinson, Stinson Lupton & Gabree, P.A., Bath, for Town of Georgetown, defendant.

Before WATHEN, C.J., and
CLIFFORD, RUDMAN, DANA,
SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1] Eric and Patricia Kosalka appeal from a judgment entered in the Superior Court (Sagadahoc County, *Calkins, J.*) upholding as constitutional a provision of the Georgetown Shoreland Zoning Ordinance that all conditional use developments "conserve natural beauty." Several abutting landowners cross appeal, contending that the proposed site is located within a zone that does not allow campgrounds as conditional uses. The record supports a finding that the proposed site is in a district that allows campgrounds. We conclude, however, that the "conserve natural beauty" requirement is an unconstitutional standardless delegation of legislative authority and therefore a violation of due process. We vacate the judgment.

## I. BACKGROUND

[¶ 2] On February 21, 1997, Eric and Patricia Kosalka submitted an application to the Georgetown Planning Board (GPB) for a permit to construct a nine-trailer recreational vehicle campground [1] on property owned by Eric's mother, Ruth Kosalka.

1. During the application process, the Kosalkas reduced the size of their proposal to an eight-unit campground.

[¶ 3] The Georgetown Shoreland Zoning Ordinance places all property within the shoreland zone into one of three districts—the Resource Protection District, the General Development District, and the Limited Residential–Recreational District. The Ordinance provides that the Resource Protection District includes, among other areas, all areas within the 100–year flood plain except "those areas which are currently developed." The General Development District includes areas of two or more acres "devoted to intensive recreational, commercial, or industrial activities" and the Limited Residential–Recreational District is a catch-all district, including all areas not included in either the Resource Protection District or the General Development District.

[¶ 4] The Ordinance directs individuals to the Georgetown "Shoreland Zoning Map" to confirm that property rests in certain districts. Although the Ordinance places the site of the proposed campground in the Resource Protection District because it is located within the 100–year flood plain, the Shoreland Zoning Map places the site in the Limited Residential–Recreational District. The Ordinance provides that "[w]here uncertainty exists as to the exact location of the district boundary lines, the Board of Appeals shall be the final authority as to the location."

[¶ 5] The Ordinance further provides that campgrounds are allowed, as a conditional use, in both the General Development and the Limited Residential–Recreational Districts. To qualify as a conditional use, a proposed campground must: (1) "not result in unsafe or unhealthy conditions"; (2) "not result in erosion or sedimentation"; (3) "not result in pollution"; (4) "not result in damage to spawning grounds, fish, aquatic life, bird and other wildlife habitat"; (5) "conserve shoreland vegetation"; (6) "conserve visual points of access to waters"; (7) "conserve actual points of public access to waters"; (8) "conserve natural beauty"; and (9)

"avoid problems associated with flood plain development and use."

[¶ 6] The GPB denied the Kosalkas' application, concluding that the proposed site was located in Resource Protection District of the shoreland zone because it was within the 100–year flood plain and was not developed. The GPB also found that the proposed campground did not satisfy the conditional use guidelines because it did not "conserve the natural beauty" of the area.

[¶ 7] The Kosalkas appealed the GPB's decision to the Georgetown Board of Zoning Appeals (ZBA). The ZBA partially reversed the GPB, finding that the proposed campground was located in the Limited Residential–Recreational District because the lot was "actually developed." Nevertheless, the ZBA denied the Kosalkas' application because it concluded that it did not have jurisdiction to consider whether the "conserve natural beauty" requirement was constitutional.

[¶ 8] The Kosalkas filed a complaint in the Superior Court pursuant to M.R. Civ. P. 80B, challenging the constitutionality of the "natural beauty" requirement. Several abutting landowners also filed their own complaint challenging the Board's ruling that the proposed campground was located in the Limited Residential-Recreational District. After the two complaints were consolidated, the Court affirmed the ZBA's conclusion that the proposed development is located in the Limited Residential-Recreational District, and found that the Kosalkas "failed to demonstrate that [the natural beauty language] is unconstitutional on its face." The Superior Court remanded the case to the ZBA to consider whether the proposed campground satisfied the Ordinance's natural beauty requirement.

[¶ 9] On remand, the ZBA held public hearings, visited the site, viewed pictures and plans, and concluded that the proposed campground would not conserve the area's natural beauty. The ZBA, therefore, affirmed the Planning Board's denial

of a campground permit. The Kosalkas again appealed to the Superior Court, which affirmed. This appeal followed.[2]

## II. DISCUSSION

[¶ 10] As an initial matter, we review the Intervenors' claim that the ZBA erred in concluding that the proposed development falls within the Limited Residential–Recreational District. The Intervenors bear the burden of establishing that the ZBA's conclusion was an abuse of discretion, an error of law, or unsupported by substantial evidence in the record. *See Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me.1996). The Ordinance provides that a lot within the geographic boundaries of the Resource Protection District may nevertheless fall within the Limited Residential–Recreational District if that lot is "actually developed." Further, the Ordinance defines a lot to include land registered in the Registry of Deeds. Here, the ZBA found that because the only lot registered in the registry of deeds supported a house, a driveway, a shack, and mowed fields, the lot was "actually developed." We cannot say that this determination is an abuse of discretion, an error of law, or is made without evidentiary support. To the contrary, the ZBA's decision is well within its discretion and is well supported by competent evidence in the record. Accordingly, we conclude that the ZBA did not err or abuse its discretion when it concluded that the lot fell within the "actually developed" exemption, and was therefore in the Limited Residential–Recreational District.[3]

[¶ 11] Turning to the Kosalkas' constitutional challenge, the Kosalkas bear the burden of demonstrating that the Ordinance is unconstitutional. *See Gorham v. Town of Cape Elizabeth*, 625 A.2d 898, 900 (Me.1993). The Kosalkas argue that the "conserve natural beauty" requirement is an unconstitutional delegation of legislative authority because it fails to "furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights." *Stucki v. Plavin*, 291 A.2d 508, 510 (Me.1972). We agree.

[¶ 12] We have noted in the conditional use context that "in order to withstand attack as an impermissible legislative delegation of authority, ordinances that establish criteria for acceptance of a conditional use must specify sufficient reasons why such a use may be denied." *Gorham*, 625 A.2d at 900. Developers are entitled to know with reasonable clarity what they must do under state or local land use control laws to obtain the permits or approvals they seek. *Waterville Hotel Corp. v. Board of Zoning Appeals*, 241 A.2d 50, 53 (Me.1968); *see also Cope v. Inhabitants of Brunswick*, 464 A.2d 223, 227 (Me.1983) (compliance with the "health, safety and welfare of the public and the essential character of the area" not sufficiently specific); *Shapiro Bros. Shoe Co. v. Lewiston–Auburn Shoeworkers Protective Ass'n*, 320 A.2d 247, 253 (Me. 1974) (the public should not have to guess at the meaning of a statute "leaving them without assurance that their behavior complies with legal requirements . . . .").

[¶ 13] In *Stucki v. Plavin*, we held unconstitutional a zoning ordinance that allowed lots that straddled district lines to be governed by the less restrictive district, "provided, however, that such extension of use into the more restrictive portion shall meet the approval of the Zoning Board of Appeals." *Stucki*, 291 A.2d at 509. In striking down that provision, we noted that

---

2. Because we conclude that the "conserve natural beauty" requirement is an unconstitutional delegation of legislative authority, we need not discuss the Kosalkas' alternative argument that the Georgetown Zoning Board erred in concluding that the Kosalkas' proposed campground did not, in fact, conserve natural beauty.

3. Because the lot is actually developed, we need not address the Kosalkas' alternative argument that the Georgetown Shoreland Zoning Map, which depicts the lot as being in the Limited Residential–Recreational District, trumps the Ordinance, which places the lot in the Resource Protection District because it is within the 100–year flood plain.

the ZBA was forced to consider, "Under what set of facts do we grant or withhold approval?" and the applicant had to ask, "What must I present to gain the Board's approval?" *Id.* at 511. We concluded that "[i]f there is no language in the ordinance, which, by reasonable interpretation answers these questions, the [ordinance] ... is void on its face." *Id.*

[¶ 14] Additionally, in *Wakelin v. Town of Yarmouth*, 523 A.2d 575, 576 (Me.1987), we struck down a zoning ordinance that gave the ZBA the discretion to deny special exception applications because the proposed use was not "compatible with the existing uses in the neighborhood, with respect to ... intensity of use ... and density of development." *Id.* We concluded that the ordinance "fails to articulate the quantitative standards necessary to transform the unmeasured qualities 'intensity of use' and 'density of development' into specific criteria objectively useable by both the Board and the applicant." *Id.* at 577. Without such specific objective criteria, the ZBA was "free to express a legislative-type opinion about what is appropriate for the community ." *Id.*

[¶ 15] Here, the Georgetown Ordinance requires that all development "conserve natural beauty." However, all development, to some extent, destroys or impairs "natural beauty." If the provision means that *all* natural beauty must be conserved, then *all* development must be banned. Because the provision cannot reasonably be interpreted to ban all development, the question becomes: How much destruction is okay? Or, put another way; How much conservation is required? On this question, however, the Georgetown Ordinance, like the ordinance in *Stucki*, is silent. Neither developers nor the ZBA are given any guidance on how to interpret the "conserve natural beauty" requirement. Instead, developers are left guessing at how much conservation is necessary, and the ZBA is free to grant or deny permits as it sees fit.

[¶ 16] Unlike the requirements in cases such as *Gorham* and *Waterville Hotel*, there is simply no way to quantify "natural beauty." The Georgetown Ordinance does not answer the questions first posed in *Stucki*—what must an applicant do to obtain a permit; and under what set of facts should the ZBA grant or deny the application. No one can adequately advise the Kosalkas (or any other Georgetown developer) how to create a development plan that will satisfy the requirement because, without guidance in the Ordinance, the ZBA is free to grant or deny permits on whatever set of facts it sees fit. This is precisely the problem we sought to avoid in *Wakelin.* Under the Georgetown Ordinance, a developer can bury all utilities, maintain the site's vegetation, and even plant additional trees, and still fall short in the minds of ZBA members, who are free to make legislative-type decisions based on any factor they independently deem appropriate.

[¶ 17] Because the condition that all proposed developments "conserve natural beauty" is an unmeasurable quality, totally lacking in cognizable,· quantitative standards, this condition is an unconstitutional delegation of legislative authority and violative of the due process clause. Additionally, because the Georgetown Planning Board concluded that the proposed campground satisfied all other requirements found in the Ordinance, we vacate the judgment of the Superior Court and remand to the ZBA with instructions to grant the conditional use permit.[4]

The entry is:

Judgment vacated and remanded to the Superior Court with instructions to remand to the ZBA with instructions to grant the conditional use permit.

---

4. The permit would be subject to the conditions agreed to in the course of the hearings before the ZBA.