STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      Docket No. AP-99-52



SAWYER                          )
ENVIRONMENTAL                   )
RECOVERY FACILITIES, INC.,      )
                                )
          Plaintiff,            )
                                )
          v.                    )          ORDER ON APPEAL
                                )
INHABITANTS OF THE              )
TOWN OF HAMPDEN, ET AL,         )
                                )
          Defendant.            )

This matter is before the Court on Plaintiff, Sawyer Environmental Recovery

Facilities, Inc.'s, appeal of Hampden's Town Council's denial of a license for Phases

VI, VII, and VIII-B of its landfill pursuant to Hampden's Waste Disposal Facility

Licensing Ordinance. For the following reasons, Plaintiff's Motion for Summary

Judgment on Count III is granted.

## FACTS

Sawyer Environmental Recovery Facilities, Inc.'s predecessor initially

obtained approval in 1975 to operate a landfill in the Town of Hampden. In 1996,

Sawyer Environmental Recovery Facilities, Inc., hereinafter SERF, proposed a Long

Range Development Plan and commenced obtaining DEP approval for expansion

Phases VI, VII, and VIII. On November 20, 1998, SERF filed an application before

the Planning Board for site plan approval under the Town's Zoning Ordinance, and

an application before the Town Council for a Waste Disposal Facility License under

Hampden's Waste Disposal Facility Licensing Ordinance, hereinafter Licensing

1

Ordinance. On October 4, 1999, Hampden's Town Council denied the applications for Phases VI, VII and VIII-B. Phase VIII-A has been approved. The Town Council's reason for denial is that the use would constitute an illegal expansion of a nonconforming use under the Zoning Ordinance, and that the expansion did not meet the provisions set out in Section 5.4[1] of Hampden's Licensing Ordinance.[2] SERF appealed denial based on the Zoning Ordinance in separate litigation. In the "Zoning Ordinance" litigation, Justice Kravchuk concluded on January 14, 2000 that Phases VI, VII, and VIII-B complies with the Zoning Ordinance, and granted SERF's Rule 80B appeal. The Town's appeal of Justice Kravchuk's decision is pending before the Law Court.

SERF's timely filed Complaint appealing the Town Council's license denial

---

1. Section 5.4.A.2 of Hampden's Licensing Ordinance contains the following standards:
The applicant shall demonstrate that the proposed landfill has been specifically designed to be integrated with the existing environment.
Special attention shall be paid to height and location of the proposed landfill and its integration with such natural features as vegetation, terrain, drainage ways and wetlands, as well as development patterns and transportation systems. The proposed landfill shall be designed to preserve the landscape in its natural state as much as possible by minimizing earthmoving, tree removal and soil disturbance.

2. The Town Council made the following findings and conclusions concerning SERF's failure to satisfy the requirements of Section 5.4.A.2:
1. Not preserving landscape in its natural state.
2. Project proposes man made, barren mounds in an existing environment of gentle rolling landscape with trees, fences, and vegetation. Proposal not properly integrated with existing environment.
3. Landfill at maximum height does not integrate with the existing environment of this area.
4. Proposed vegetation doesn't match with existing vegetation.
5. Clear that project designed to achieve maximum development allowed under Ordinance, not specifically designed to integrate with existing environment.
6. Not compatible with transportation system of area, which consists of a secondary through road with an "S" curve and minimal visibility and line of sight in vicinity of entrance to proposed landfill. Heavy truck traffic not compatible with transportation system.

2

based on Section 5.4.A.2 of the Licensing Ordinance includes independent claims for declaratory judgment, including injunctive relief, and review pursuant to M.R. Civ. P. 80B.[3] In Count III, SERF alleges that the Licensing Ordinance on its face and as applied does not provide an applicant with fair notice of what standards are applied, and fails to provide due process to an applicant. Specifically, Plaintiff's Count III asserts that Section 5.4.A.2 requiring SERF to show that the expansion "integrates with the environment" is void for vagueness. The Court accepts Hampden's position that the license was denied only on SERF's noncompliance with Section 5.4.A.2.

## DISCUSSION

The Court agrees with SERF that the terminology "integrate with the environment" in Section 5.4.A.2 of its Licensing Ordinance is void for vagueness and, thus, unconstitutional. Accordingly, it is not necessary to address SERF's Counts I, II, IV, and V.

### I. PROCEDURAL ISSUE

The town first argues that SERF may not now raise the "void for vagueness" argument because it did not raise it before the Town Council. Maine Real Estate Commission v. Kelby, 360 A.2d 528 (Me. 1976). Litigants do not have to raise constitutional issues before an administrative body when that body does not have

---

3. SERF's Complaint contained the following Counts:
Count I - Declaratory Judgment - Preemption
Count II - Rule 80B - Appeal
Count III - Declaratory Judgment and Civil Rights Violation - Void for Vagueness/Due Process
Count IV - Declaratory Judgment and Civil Rights Violation - Commerce Clause.
Count V - Inverse Condemnation - Requests compensation under Article I, §§ 6 and 21.

jurisdiction to decide the meaning of a statute or determine its constitutionality. 30-A M.R.S.A. § 4353 (1996 & Supp. 1999); Berry v. Bd. of Trustees, Retirement Sys., 663 A.2d 14, 19 (Me. 1995). Thus, SERF may raise its void for vagueness argument for the first time in Superior Court because the Town Council does not possess the statutory authority to determine the validity of a legislative enactment. Minster v. Town of Gray, 584 A.2d 646, 648 (Me. 1990); see also Mayberry v. Town of Old Orchard Beach, 599 A.2d. 1153 (Me. 1991) (holding interpretation of provisions in a zoning ordinance is a question of law for the court).

## II. VOID FOR VAGUENESS ISSUE

"All legislative enactments are presumed constitutional." Vella v. Town of Camden, 677 A.2d 1051 (Me. 1996). "This presumption, however, is not absolute; legislation which violates an express mandate of the constitution is invalid even though it is expedient or is otherwise in the public interest." Maine Beer & Wine Wholesalers v. State, 619 A.2d 94, 97 (Me. 1993) (citations omitted).

SERF bears the burden of proof in challenging the Licensing Ordinance as unconstitutional. Gorham v. Town of Cape Elizabeth, 625 A.2d 898, 900 (Me. 1993). That burden requires the Plaintiff to establish the statute's unconstitutionality "to such a degree of certainty as to leave no room for reasonable doubt." Orono-Veazie Water Dist. v. Penobscot Cty. Water Co., 348 A.2d 249, 253 (Me. 1975). SERF argues that the "integrate with the environment" requirement is an unconstitutional delegation of legislative authority because it does not "furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights."

4

Stucki v. Plavin, 291 A.2d 508, 510 (Me. 1972).

In determining whether an ordinance provides sufficient guidance, the Maine Law Court has found several ordinances void for vagueness. For example, in Waterville Hotel Corp. v. Board of Zoning Appeals, 241 A.2d 50, 51 (Me. 1968), the Court found an ordinance stating: "all major changes of uses of land, buildings or structures in this zone shall be subject to the approval of the Board of Zoning Appeals" to be an unconstitutional grant of power to a zoning board. Id. In Cope v. Town of Brunswick, 464 A.2d 224, 225 (Me. 1983), the Court held that provisions in Brunswick's ordinance that the use requested will not adversely affect the health, safety, or general welfare of the public, and that the use requested will not tend to devalue or alter the essential characteristics of the surrounding property void for vagueness because the provisions required the board to perform legislative policy-making. Id. In Stucki v. Plavin, the Law Court held that a zoning ordinance could not grant complete discretion to the board to decide whether a less restrictive regulation applicable to one portion of a parcel could be applied to a portion of the same lot located in a more restrictive area when a lot spanned greater than one zone. Stucki v. Plavin, 291 A.2d 508 (Me. 1972).

The zoning ordinance struck down in Wakelin gave the ZBA discretion to deny special exception applications because the proposed use was not "compatible with existing uses in the neighborhood, with respect to physical size, visual impact, intensity of use, proximity to other structures and density of development." Wakelin v. Town of Yarmouth, 523 A.2d 575, 576 (Me. 1987). The Court found the

5

absence of specifics giving content to the term "intensity of use" clarifying whether the term means "two persons per acre" or "twenty persons per acre," or something else entirely; or to the term "density of development" clarifying whether the term signifies a ratio of built upon acreage to unbuilt-upon acreage, or the number of structures on a particular lot, or something else entirely, is a matter of conjecture and void for vagueness. Id. at 577. Similarly, in June, 2000, the Law Court held that an ordinance requiring a zoning board to determine that a proposed conditional use "conserve natural beauty" is an unconstitutional delegation of authority. Kosalka v. Town of Georgetown, 2000 ME 106 ¶11, 752 A.2d 183. The ordinance in Kosalka provided additional factors to be considered for conditional use permits, but did not add specifics to clarify the term "natural beauty."

Seemingly similar ordinances and statutes, however, have been upheld. For example, in In re Spring Valley Development, 300 A.2d 736 (Me. 1973), the Court, upheld the Site Location of Development Act because the Legislature had "pointed out the specific respects in which the development must not offend the public interest . . .." In re Spring Valley Development, 300 A.2d 736, 751 (Me. 1973). The Court found the additional terms were "capable of being understood in the context of the entire bill."[4] Id. Provisions to protect ground water and surrounding surface

_____

4. The Act's terminology which the Court upheld includes:
(1) The proposed development has the financial capacity and technical ability to meet state air and water pollution control standards, has made adequate provision for solid waste disposal, the control of offensive odors, and the securing and maintenance of sufficient and healthful water supplies.
(2) The proposed development has made adequate provisions for loading, parking and traffic movement from the development area onto public roads.
.(3) No adverse affect on natural environment. The proposed development has made adequate provision for fitting itself harmoniously into the existing natural environment and will not adversely

waters were upheld because the statute, when read as a whole, listed specific resources to be protected that provided the specificity needed for the board to evaluate the application.[5] Secure Environments v. Norridgewock, 544 A.2d. 319 (Me. 1988). Reading the town of St. George's ordinance as a whole, the Court upheld language providing that a wharf facility "shall be no larger in dimension than necessary to carry on the activity and be consistent with existing conditions, use, and character of area." Lentine v. Town of St. George, 599 A.2d 76 (Me. 1991). These terms provided the specificity required so that the ordinance withstood the constitutional challenge.

A "well-distributed stand of trees" to remain after any timber harvesting activities has also been held to provide specific criteria such that the ordinance survived a constitutional challenge. Freeport v. Brickyard Associates, 594 A.2d. 556, 558 (Me. 1991). The Court found that absent a definition in the ordinance of the term, the terms would be given their everyday meaning. Id. In Gorham v. Town of Cape Elizabeth, 625 A.2d 898, 900 (Me. 1993), the Court found Gorham's zoning ordinance, allowing conditional use if use does not adversely affect value of adjacent properties, constitutional because "the maintenance of property values is a legitimate interest served by zoning restrictions, and . . . property values [are] a

---

affect existing uses, scenic character, natural resources or property values in the municipality or in adjoining municipalities. In re Spring Valley Development, 300 A.2d 736 (Me. 1973
    (4) The proposed development will be built on soil types which are suitable to the nature of the undertaking.

   5. The ordinance provided for examination by the board of "the soils, bedrock foundation, and ground contours" and made provision for erosion control to protect the town's water supplies.

specific and discernible standard." Id. at 902. The key factor is "not whether the ordinance could have provided more specific guidance to applicant by defining every term in the ordinance, but whether the ordinance contains sufficient qualitative standards to guide the applicant." Britton v. Town of York, 673 A.2d 1322 (Me. 1996) (holding that the terms "interfere with developed areas" and "navigational use" when given their plain meaning provided sufficient guidelines).

Here, Hampden's Licensing Ordinance requires that the landfill be specifically designed to: (1) be integrated with the existing environment; and (2) to preserve the landscape in its natural state as much as possible by minimizing earthmoving, tree removal, and soil disturbance. Section 5.4.A.2 of the Hampden Licensing Ordinance however, also directs the applicant to pay special attention to height and location of the proposed landfill and its integration with such natural features as vegetation, terrain, drainage ways and wetlands, as well as development patterns and transportation systems when designing its expansion. These provisions, though not qualitative, provide some guidance to SERF, as well as specific factors to guide the Town Council in determining whether the expansion "integrates with the environment." See Lentine v. Town of St. George, 599 A.2d 76 (Me. 1991). Hampden's specific provisions distinguish its Licensing Ordinance from the ordinance in Kosalka v. Town of Georgetown, 2000 ME 106, 752 A.2d 183, which lacks any provisions to clarify "natural beauty."

Comparing terminology in Hampden's Licensing Ordinance with terminology in other ordinances, Section 5.4.A.2's "development patterns"

8

provision is similar to the intensity/density provisions found unconstitutional in Wakelin. "Development patterns" in the context of Hampden's Licensing Ordinance is not similar to the provision that the wharf not "interfere with developed areas" which withstood a constitutional challenge in Britton v. Town of York, 673 A.2d 1322, 1325 (Me. 1996) because the Licensing Ordinance only provides that special attention be given to development patterns and transportation systems, not that the expansion not interfere with them. Similarly, "transportation system" differs from both the Site Location of Development provision "adequate provision for loading, parking, and traffic movement" upheld in In re Spring Valley Development, 300 A.2d 736 (Me. 1973); and the ordinance provision requiring a proposed wharf not "interfere with existing navigational uses" upheld in Britton v. Town of York, 673 A.2d at 1325. Additionally, when compared with ordinances containing clarifying provisions, Section 5.4.A.2 does not contain provisions as specific as "well-distributed stand of trees" in Brickyard Associates or "no larger in dimension than necessary to carry on the activity and be consistent with existing conditions, use, and character of area" in Lentine. Because the provisions of Section 5.4.A.2 are not quantitative measurements, Hampden's Licensing Ordinance is also distinguishable from Cape Elizabeth's quantitative property value provision.

The plain and ordinary meaning of the terms in the provision "integrate with the environment" supports the finding that Section 5.4.A.2 is in the category with Wakelin and Kosalka rather than in the category with Spring Valley, Britton, and

9

Gorham.[6]

Whether the Licensing Ordinance as a whole provides the quantitative parameters necessary to withstand the void for vagueness challenge must also be determined. In re Spring Valley Development, 300 A.2d 736 (Me. 1973). Other parts of Hampden's section five add additional factors such as buffers, traffic, height, and visual impact. Because the denial was based solely on Section 5.4.A.2, however, which does not contain specific qualitative factors, the ordinance read as a whole still does not contain measurable qualities. Nobody can advise SERF based on the criteria in Section 5.4.A.2 what to do or how much integration will meet the Licensing Ordinance's "integrate with the environment" provision. SERF could make several smaller hills, plant more trees, or perform numerous other activities in attempts to "integrate with the environment" and the Town Council could still deny the license because of lack of guidance in Section 5.4.A.2. Section 5.4.A.2 allows the Board "to express a legislative-type opinion about what is appropriate for the community." Wakelin v. Town of Yarmouth, 523 A.2d at 577.

This Court finds that SERF has carried its burden to show that Section 5.4.A.2 of Hampden's Licensing Ordinance does not:

> [S]pell out [Hampden's] policies in sufficient detail to furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights thereunder, and so that the determination of those rights will not be left to the purely arbitrary discretion of the administrator.

---

6. The definition of "integrate" is "to make into a whole by bringing all parts together." Webster's II New Riverside Universal Dictionary 636 (1988). Environment is defined as "the complex of social and cultural conditions affecting the nature of the individual or community." Id. at 436.

Stucki v. Plavin, 291 A.2d 508, 510 (Me. 1972). SERF has established that the Licensing Ordinance is void for vagueness and unconstitutional "to such a degree of certainty as to leave no room for reasonable doubt." Orono-Veazie Water Dist. v. Penobscot Cty. Water Co., 348 A.2d at 253.

The docket entry is:

Plaintiff's Motion for Summary Judgment on Count III is granted.

Defendants' Motion for Summary Judgment on Count I, III, IV, and V is denied. This matter is REMANDED to the Hampden Zoning Board of Appeals to grant SERF a license to expand under Phases VI, VII, and VIII-B.

Dated: October 20, 2000

Hon. Andrew Mead
CHIEF JUSTICE, SUPERIOR COURT

11

Date Filed ___11/3/99___ ___PENOBSCOT___    Docket No. ___AP-99-52___
                              County

Action ___80B APPEAL_____
  Assigned to Justice Francis C. Marsano- RECUSED
  Reassigned to Chief Justice Andrew M. Mead  5/25/00

DONALD L. GARBRECHT
LAW LIBRARY

NOV 8 2000

SAWYER ENVIRONMENTAL RECOVERY          INHABITANTS OF THE TOWN OF HAMPDEN, MAINE
    FACILITIES, INC.                    and TOWN COUNCIL OF SAID TOWN
                               vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PIERCE ATWOOD<br>77 WINTHROP STREET<br>AUGUSTA ME 04330-5552<br>BY: Helen L. Edmonds, Esq. | FARRELL, ROSENBLATT & RUSSELL<br>61 MAIN STREET<br>P O BOX 738<br>BANGOR, ME  04402-0738<br>BY:  NATHANIEL M. ROSENBLATT, ESQ.<br>     THOMAS RUSSELL, ESQ. |

| Date of Entry | |
|---|---|
| 11/3/99 | Complaint for Review of Governmental Action Pursuant to M.R. Civ.P. 80B and Independent Claims, including Injunctive Relief filed - Exhibits A - G attached) |
| 11/3/99 | Agreed-upon Motion to Stay Proceedings and Consolidated Memorandum of Law filed. |
| 10/10/99 | Order filed.  Without objection by Defendants, Plaintiff Sawyer Environmental Recovery Facilities, Inc.'s Agree-Upon Motion to Stay Proceedings is hereby GRANTED.  All time periods in this action shall be tolled until 20 days after the date upon which the Hampden Town Council issues its written decision in the license application proceeding that is the subject of SERF's appeal. (Kravchuk, J.) Copy forwarded to Plaintiff's counsel. |
| 11/12/99 | Defendants' Application for Extension of Time within which to Respond to Plaintiff's Complaint filed. |
| 11/12/99 | Appearance of Nathaniel Rosenblatt, Esq. and Thomas Russell, Esq. for Defendants. |
| 11/16/99 | Upon Defendants' Application for Extension fo Time within Which to Respond To Plaintiff's Complaint, order filed.  There being no objection, Application Granted.  The time for the defendants to file their answer or other responsive pleading to the plaintiff's complaint is hereby extended to twenty (20) days after the court issues an order specifying the future course of proceedings in this matter. (Kravchuk, J)  Copy forwarded to attorneys of record. |
| 11/16/99 | Acknowledgement of Service of Process as to Inhabitants of the Town of Hampden filed (s.d. 11/10/99 by Nathaniel M. Rosenblatt, Esq.) |
| 11/16/99 | Acknowledgement of Service of Process as to Defendant Town Council of the Town of Hampden filed (s.d. 11/10/99 by Nathaniel M. Rosenblatt, Esq.) |

                                              -OVER-

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
Civil Action
Docket No. AP-99-52,
*AMM-PEN - 11/08/2000*

SAWYER ENVIRONMENTAL
RECOVERY FACILITIES, INC.,

    Plaintiff

vs.

THE INHABITANTS OF THE TOWN
OF HAMPDEN, MAINE, and THE
TOWN COUNCIL OF SAID TOWN,

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

FILED AND ENTERED
SUPERIOR COURT

NOV 0 8 2000

PENOBSCOT COUNTY

## ORDER ON DEFENDANTS' MOTION TO AMEND JUDGMENT

The defendants' motion to amend judgment pursuant to M.R.Civ.P. 59(e) is GRANTED.

The docket entry at the conclusion of the Court's order dated October 20, 2000, is hereby amended to read as follows:

1.  Defendants' Motion for Summary Judgment on Counts I, III, IV and V is denied.

2.  Plaintiff's Motion for Summary Judgment on Count III is granted. Section 5.4.A.2 of Hampden's Waste Disposal Facility Licensing Ordinance is declared to be void for vagueness.

3.  Counts I, II, IV and V are dismissed without prejudice.

4.  This matter is remanded to the Hampden Town Council to grant SERF a license under Hampden's Waste Disposal Facility Licensing Ordinance for Phases VI, VII and VIII-B.

Date: Nov. 11, 2000

Chief Justice, Superior Court
Andrew M. Mead

Date Filed _____ 11/3/99 _____ PENOBSCOT _____ Docket No. _____ AP-99-52 _____
County

Action __ 80B APPEAL __

Assigned to Justice Francis C. Marsano- RECUSED
Reassigned to Chief Justice Andrew M. Mead  5/25/00

DONALD L. GARBRESHT
LAW LIBRARY

NOV 14 2000

SAWYER ENVIRONMENTAL RECOVERY
FACILITIES, INC.

vs.

INHABITANTS OF THE TOWN OF HAMPDEN, MAINE
and TOWN COUNCIL OF SAID TOWN

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PIERCE ATWOOD<br>77 WINTHROP STREET<br>AUGUSTA ME 04330-5552<br>BY: Helen L. Edmonds, Esq. | FARRELL, ROSENBLATT & RUSSELL<br>61 MAIN STREET<br>P O BOX 738<br>BANGOR, ME  04402-0738<br>BY:  NATHANIEL M. ROSENBLATT, ESQ.<br>THOMAS RUSSELL, ESQ. |

| Date of Entry | |
|---|---|
| 11/3/99 | Complaint for Review of Governmental Action Pursuant to M.R. Civ.P. 80B and Independent Claims, including Injunctive Relief filed - Exhibits A - G attached) |
| 11/3/99 | Agreed-upon Motion to Stay Proceedings and Consolidated Memorandum of Law filed. |
| 10/10/99 | Order filed.  Without objection by Defendants, Plaintiff Sawyer Environmental Recovery Facilities, Inc.'s Agree-Upon Motion to Stay Proceedings is hereby GRANTED.  All time periods in this action shall be tolled until 20 days after the date upon which the Hampden Town Council issues its written decision in the license application proceeding that is the subject of SERF's appeal. (Kravchuk, J.) Copy forwarded to Plaintiff's counsel. |
| 11/12/99 | Defendants' Application for Extension of Time within which to Respond to Plaintiff's Complaint filed. |
| 11/12/99 | Appearance of Nathaniel Rosenblatt, Esq. and Thomas Russell, Esq. for Defendants. |
| 11/16/99 | Upon Defendants' Application for Extension fo Time within Which to Respond To Plaintiff's Complaint, order filed.  There being no objection, Application Granted.  The time for the defendants to file their answer or other responsive pleading to the plaintiff's complaint is hereby extended to twenty (20) days after the court issues an order specifying the future course of proceedings in this matter.  (Kravchuk, J) Copy forwarded to attorneys of record. |
| 11/16/99 | Acknowledgement of Service of Process as to Inhabitants of the Town of Hampden filed (s.d. 11/10/99 by Nathaniel M. Rosenblatt, Esq.) |
| 11/16/99 | Acknowledgement of Service of Process as to Defendant Town Council of the |