STATE OF MAINE                    STATE OF MAINE          SUPERIOR COURT
CUMBERLAND, ss.                   CUMBERLAND, SS          CIVIL ACTION
                                  CLERK'S OFFICE          Docket No. AP-07-9

                                  2001 MAR -8 A 10: 21

WINDHAM PROPERTIES LLC,

        Plaintiff,

        v.                                               ORDER

INHABITANTS OF THE TOWN OF
WINDHAM et al.,

        Defendants.


Before the court is a motion to specify the future course of proceedings in a case

where Windham Properties has combined a claim for judicial review under Rule 80B,

including a claim of bias on the part of several town counselors (Count I), a due process

and equal protection claim based on allegedly inconsistent treatment of zoning

applications by the town counsel (Count II), and a declaratory judgment claim alleging

that the provision in the town ordinance calling for town counsel approval is void for

vagueness.

The court does not agree with Windham Properties that the constitutional issues

presented in this case – which Windham Properties terms "foundational" issues –

should be decided first.  See Ashwander v. Tennessee Valley Authority, 297 U.S. 288,

341 (1936) (Brandeis, J., concurring).

In this case the court's inclination is to proceed with those portions of the case

that can be resolved on the administrative record below or as a matter of law.  This

would suggest going forward first with the Rule 80B appeal (perhaps excluding the bias

issue) and with Count III.

Within 30 days counsel for plaintiff shall file a motion for a trial of the facts as it relates to plaintiff's claim of bias and shall also include with that motion an identification of any factual issues that plaintiff contends are presented by Count III (as opposed to issues of law that can be decided on the face of the ordinance) and an identification of any discovery plaintiff would request with respect to Count III. The Town shall have 21 days to respond.

The court will reserve decision at this time on the motion to specify the future course of proceedings. However, unless the court is persuaded otherwise based on the submissions set forth above, it is inclined to stay all proceedings as to Count II, to allow limited discovery (if plaintiff can demonstrate the need for same) as to the bias claim, and to proceed with briefing as to Counts I and III.

The entry shall be:

Procedural order entered on plaintiff's motion to specify future course of proceedings. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     March __8__ , 2007

Thomas D. Warren
Justice, Superior Court

2

Date Filed __02-07-07__        __CUMBERLAND__        Docket No. __AP-07-009__

County

Action __80B APPEAL__

WINDHAM PROPERTIES, LLC

INHABITANTS OF THE TOWN OF WINDHAM
WINDHAM TOWN COUNCIL
WINDHAM PRESERVATION COMMITTEE (PII)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MICHAEL H HILL ESQ<br>ERICA M JOHANSON ESQ<br>MONAGHAN LEAHY<br>PO BOX 7046<br>PORTLAND ME 04112-7046<br>(207)774-3906 | NATALIE BURNS ESQ. (TOWN OF WINDHAM AND<br>JENSEN BAIRD        WINDHAM TOWN COUNCIL)<br>PO BOX 4510<br>PORTLAND ME 04112-4510<br>775-7271<br><br>SCOTT ANDERSON, ESQ. PII<br>ONE PORTLAND SQUARE (Windham Comm)<br>PORTLAND, MAINE 04112-05896 |

Date of
ntry

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-07-9

WINDHAM PROPERTIES LLC,

        Plaintiff,

        v.                                        ORDER

THE TOWN OF WINDHAM, et al.,

        Defendants.


Before the court are a motion by party-in-interest Windham Preservation Committee (WPC) to dismiss Counts II and III of the complaint, a motion by plaintiff Windham Properties LLC to amend Count II of the complaint, and a motion by Windham Properties for a trial of the facts pursuant to Rule 80B(d).

Count I of the complaint seeks review under Rule 80B of a decision by the Windham Town Council denying plaintiff's application for a permit to operate a quarry on land owned by plaintiff in Windham. Count II alleges that the denial was not only legally invalid but also violated equal protection and due process. Count III seeks a declaratory judgment that the applicable provision of the Town's Land Use Ordinance is void for vagueness.


1.      Motion to Dismiss Count II

As originally pleaded, Count II claims that Windham Properties' equal protection and procedural due process rights were violated. After WPC's motion to dismiss Count II had been filed, Windham Properties filed a motion to amend or substitute a substantive due process claim for its procedural due process claim without changing any of the factual allegations in the complaint. WPC has opposed the motion

to amend on the ground that amendment would be futile because the complaint as proposed to be amended does not state a substantive due process claim. The court will therefore consider whether Count II, as plaintiff proposes to amend it, states a cognizable claim for denial of either equal protection or substantive due process.

In analyzing whether Count II states cognizable constitutional claims, the court looks to a series of First Circuit decisions beginning with *Creative Environments Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982), that have addressed alleged constitutional violations in the context of challenges to the actions of zoning and planning boards.[1] In considering a motion to dismiss, the court should consider the allegations in the complaint as true, and should examine the complaint in the light most favorable to plaintiff. *See In re Wage Payment Litigation*, 2000 ME 162 ¶ 3, 759 A.2d 217, 200. In the context of constitutional claims raised in zoning and other land use appeals, however, it is not enough simply to give state law claims constitutional labels. *See, e.g., Creative Environments*, 680 F.2d at 833. The question is whether plaintiff's allegations, taken as true, do not merely allege that a local authority exceeded or abused its authority but instead rise to the level of a constitutional deprivation.

Decisions of the First Circuit further establish that the question of whether a land case challenge states a constitutional claim can be determined at the pleading stage, and that it is unnecessary to permit discovery and await a summary judgment motion if the pleading does not state a constitutional claim. *See SFW Arecibo Ltd. v. Rodriguez*, 415 F.3d 135, 137 (1st Cir. 2005) (Lipez, J.); *PFZ Properties Inc. v. Rodriguez*, 928 F.2d 28 (1st Cir. 1991).

---

[1] Both parties have cited to this line of cases and the Law Court has previously cited this line of cases as well. *See Bangs v. Town of Wells*, 2003 ME 129 ¶ 12, 834 A.2d 955, 959; *Burr v. Town of Rangeley*, 549 A.2d 733, 734 (Me. 1988) (both citing to *Creative Environments*).

2

To state a cognizable equal protection violation, Windham Properties must allege that, compared to others similarly situated, it was selectively treated based on impermissible considerations such as race, religion, intent to inhibit or prevent the exercise of constitutional rights, or malicious or bad faith intent to injure a person. *Barrington Cove Limited Partnership v. Rhode Island Housing and Mortgage Financial Corporation*, 246 F.3d 1, 7 (1st Cir. 2001). In this case Windham Properties alleges that it was selectively treated compared to others similarly situated because no other quarry application has received *de novo* review from the Town Council and other quarry applications received either cursory review or no review after they had been approved by the Planning Board. Complaint ¶¶ 56-58. There is a question whether this sufficiently alleges that Windham Properties were similarly situated to other quarry applicants in all relevant respects. *See Barrington Cove*, 246 F.3d at 8. The court need not resolve this issue, however, because Windham Properties has failed to allege that its disparate treatment was based on the kind of impermissible considerations that would give rise to a cognizable equal protection claim.

Specifically, Windham Properties alleges that two of the Town Council members were biased against its application. However, that bias is not alleged to have had a constitutionally impermissible source, such as race or religion, but rather was allegedly based on a desire to preserve farmland and open space. Complaint ¶ 45-53. Windham Properties further alleges that the Town Council's *de novo* review of its quarry application represented an overreaching of the Council's role in the permit review process. Complaint ¶ 59. This is a claim that the Council abused or exceeded its authority; it does not constitute a cognizable equal protection claim of invidious discrimination. *See SFW Arecibo*, 415 F.3d at 141-42; *Barrington Cove*, 246 F.3d at 10-11;

3

*Baker v. Coxe*, 230 F.3d 470, 474-75 (1st Cir. 2000); *Nestor Colon Medina & Sucesores Inc. v. Custodio*, 964 F.2d 32, 43-45 (1st Cir. 1992).

Thus, if two town councilors were generally in favor of farmland and open space, the court does not see why that does not constitute a permissible policy choice on their part. *See* 2 Davis & Pierce, *Administrative Law Treatise* § 9.8 (3d ed. 1994) at 68, 76, 78, 80-81, 87 (prejudgment of adjudicative facts may constitute bias but holding a pre-existing policy opinion does not). If that view led them to cause the Town Council to abuse its discretion, that is a matter that can be remedied on Windham Properties' Rule 80B claim. A simple claim of bias, absent an invidiously discriminatory motive, does not state a cognizable equal protection claim.

Windham Properties' substantive due process claim fails for similar reasons.[2] As noted in the *SFW Arecibo* case:

> [R]ejections of development projects and refusals to issue building permits to not ordinarily implicate substantive due process. Even where state law officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation. The doctrine of substantive due process does not protect individuals from all [governmental] actions that . . . injure property in violation of some law. Rather, substantive due process prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.

*SFW Arecibo*, 415 F.3d at 141, quoting *PFZ Properties*, 928 F.2d at 31-32. The fact that Windham Properties' quarry application stirred up local opposition and that such opposition may have influenced the town council does not constitute a violation of

---

[2] Indeed, one First Circuit case suggests that where land use decisions are involved, "the nature of the governmental conduct (or misconduct) required to establish either a substantive due process or equal protection claim is so similar as to compress the inquiries into one." *Baker v. Coxe*, 230 F.3d at 474 (Coffin, J.).

substantive due process. *See Nestor Colon Medina*, 964 F.2d at 45-46. Simply put, Windham Properties' allegations, taken as true, do not place this case in the category of "truly horrendous situations," *id.* at 45, which can constitute cognizable substantive due process violations.

The motion to dismiss Count II of the complaint is granted, and plaintiff's motion to amend Count II to allege a substantive due process violation is denied as futile.

2.      Motion to Dismiss Count III

With respect to Count III, the court reaches a different result. WPC's motion to dismiss is based on the contention that Rule 80B is a disappointed permit applicant's exclusive remedy. Although WPC cites *Fitanides v. Perry*, 537 A.2d 1139, 1140 (Me. 1988), for this proposition, that case involved a party who had failed to bring a timely appeal from an adverse zoning board decision and then sought to circumvent the time deadline by seeking declaratory relief that the decision was invalid.

In this case, Windham Properties alleges in Count III that the role of the town council is so ill defined that § 140-33 of the Town's Land Use Ordinance is void for vagueness. To the extent that the ordinance requires approval from the Planning Board "and the Municipal Officers," § 140-33(c), it is somewhat disquieting that a quarry application should be subject to two successive reviews under the same criteria. Further, because the ordinance does not appear to specify what role the Council should play in the process, it may present an instance of standardless discretion. At this point, the court is not prepared to dismiss Count III and assume that Windham Properties' sole remedy lies in its Rule 80B appeal.

Reserving any decision on the merits of Count III, the court notes that the Law Court has previously allowed constitutional challenges to ordinance provisions to be combined with Rule 80B appeals, *see Widewaters Stillwater Co. LLC v. Bangor Area Citizens Organized for Responsible Development*, 2002 ME 27 ¶ 6, 790 A.2d 597, 599, and the court sees no reason not to allow such a challenge to be brought in this case.[3]

### 3. Motion for Trial of Facts Pursuant to Rule 80B(d)

In support of its claim of bias on the part of Town Councilors Robert Muir and Elizabeth Wisecup, Windham Properties has submitted an offer of proof pursuant to Rule 80B(d). The court finds that Windham Properties has not made a sufficient showing of bias to call for a trial on that issue. *See Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990); *Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 917-18 (Me. 1984); *Frye v. Inhabitants of Cumberland*, 464 A.2d 195, 199-200 (Me. 1983).

There appears to be no dispute that Councilors Muir and Wisecup are members or officers of the Windham Land Trust. However, Windham Properties has offered no evidence to substantiate or support its assertions that the Windham Preservation Committee, which appeared before the Council to oppose the quarry, was set up by or affiliated with the Windham Land Trust, that Muir and Wisecup participated in the decision to establish the Windham Preservation Committee, or that they did so in order to avoid disqualifying themselves with respect to the quarry application. The only evidence that has been offered by Windham Properties is that several <u>other</u> members of

---

[3] Whether Count III is more properly considered as a vagueness challenge or as a challenge based on the absence of any standards governing Town Council review, *see id.* 2002 ME 27 ¶ 7, 790 A.2d at 599-600; *Kosalka v. Town of Georgetown*, 2000 ME 106 ¶¶ 5, 17, 752 A.2d 183, 185, 187, can be determined at a later point. In addition, to the extent that Windham Properties' challenge to the ordinance can be pursued within the context of its Rule 80B appeal, that may moot the need to consider Count III as an independent claim.

the Windham Land Trust are on the Windham Preservation Committee, which the record indicates was formed in response to the quarry application. *See,* Record, Volume II, Tab 16, page 3. *See also* Complaint ¶ 5 ("Party-in-interest Windham Preservation Committee is composed of residents of the Town of Windham who are concerned with the impact of the proposed quarry that is the object of the appeal"). There is no evidence that Muir and Wisecup have any affiliation with the Windham Preservation Committee. Guilt by association is insufficient.

The court is similarly unconvinced that the offered testimony of Ralph Vance that he saw Muir and Wisecup sitting beside members of the Windham Preservation Committee at a polling place on election night could establish bias. Accepting that testimony as true, the occasion in question was one in which various federal, state and county candidates were on the ballot as well as a ballot initiative relating to the quarry at issue. Elected officials (including town councilors) and members of the public mingle at the polling place on occasions. Sitting beside members of the Windham Preservation Committee – with no showing that they were engaged in discussion about the quarry or discussion that would indicate that Muir and Wisecup were in any way affiliated with the Windham Preservation Committee or had predetermined the issues on the quarry application – is insufficient to warrant a trial on the issue of bias. *See Carl L. Cutler Co.,* 472 A.2d at 918 (allegation of "social friendship" insufficient to warrant inquiry into bias).

Windham Properties also lists instances in the record in which Muir and Wisecup expressed views unfavorable to its position or voted against its application. This does not demonstrate bias. If it did, any losing party could establish bias merely by pointing to the fact that board members or councilors voted against it.

To be entitled to a trial on the issue of bias, Windham Properties is required to offer specific evidence that would justify its claim. In this context, Windham Properties is not entitled to inquire into the mental processes of Muir and Wisecup or any other councilors about a "strong showing" of bad faith or improper behavior. *See Frye*, 464 A.2d at 200, citing *Citizens to Preserve Overton Park Inc. v. Volpe*, 401 U.S. 402, 420 (1971). They have not made such a showing. In fact, the only evidence of record is to the contrary – that the councilors were fully aware of their obligation to be impartial adjudicators. *See* Record, Vol. II, Tab 5 at page 9 (Statement of Councilor Wisecup). Because Windham Properties has failed to marshal evidence sufficient to constitute a *prima facia* showing of misconduct, *see Ryan*, 582 A.2d at 975, its motion for a trial of the facts is denied.

The entry shall be:

Windham Preservation Committee's motion to dismiss is granted as to Count II and denied as to Count III. Plaintiff's motion to amend Count II is denied. Plaintiff's motion for a trial of the facts is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: August _13_, 2007

_____

Thomas D. Warren
Justice, Superior Court

8

Date Filed __02-07-07__ __CUMBERLAND__ Docket No. __AP-07-009__
County

Action __80B APPEAL__

WINDHAM PROPERTIES, LLC

INHABITANTS OF THE TOWN OF WINDHAM
WINDHAM TOWN COUNCIL
WINDHAM PRESERVATION COMMITTEE (PII)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MICHAEL H HILL ESQ<br>ERICA M JOHANSON ESQ<br>MONAGHAN LEAHY<br>PO BOX 7046<br>PORTLAND ME 04112-7046<br>(207)774-3906 | NATALIE BURNS ESQ. (TOWN OF WINDHAM AND<br>JENSEN BAIRD      WINDHAM TOWN COUNCIL)<br>PO BOX 4510<br>PORTLAND ME 04112-4510<br>775-7271<br><br>SCOTT ANDERSON, ESQ. PII<br>ONE PORTLAND SQUARE (Windham Comm)<br>PORTLAND, MAINE 04112-05896 |

Date of
Entry

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-07-9

WINDHAM PROPERTIES LLC,

        Plaintiff,

        v.                                        ORDER

TOWN OF WINDHAM, et al.,

        Defendants.


        Before the court is the appeal of Windham Properties LLC from a decision by the

Windham Town Council denying its application for a permit to operate a quarry on 165

acres of land in Windham.   Windham Properties has also raised a constitutional

challenge to the ordinance requiring approval of quarry applications by both the

Planning Board and the Town Council.


1.      Constitutional Challenge

        Windham Properties' constitutional challenge is based on the contention that the

provisions of the ordinance are unconstitutionally vague.[1]

        By way of background, Windham Properties' proposed quarry is located in a

Farm (F) District under Windham's zoning ordinance, and the operation of a quarry is a

permitted use in a Farm District once a mineral extraction permit is approved by the

town.  Ordinance § 140-21(B)(15); R. II Tab 2 at 29.

        In January 2006 Windham Properties obtained a permit to operate a quarry from

the State Department of Environmental Protection.  It then submitted a site plan review

---

[1] Other constitutional challenges based on equal protection and substantive due process were previously raised by Windham Properties but were dismissed pursuant to this court's order dated August 13, 2007 and filed August 14, 2007.

application to the Windham Planning Board. On July 24, 2006 the Planning Board voted 4-0 to approve the quarry application subject to various conditions. R. II, Tab 17.

Section 140-33 of the Windham Land Use Ordinance governs mineral extraction and provides that, in addition to planning board review, the removal of stone, sand, and gravel for quarries "shall not be permitted without the approval of municipal officers." § 140-33(A), R. II Tab 2 at 77.[2] Accordingly, Windham Properties filed an application for approval by the Town Council on July 25, 2006 (R. I, Tab 14). The Town Council conducted a site walk and allowed public comment on the application at six different sessions. On January 7, 2007, the council voted to deny the permit, concluding that the applicant had failed to satisfy four of the 17 criteria specified in § 140-33(D). Findings of Fact and Conclusions of Law were issued on January 23, 2007.

2.    Vagueness

Windham Properties does not directly challenge the provision in the Town's Land Use Ordinance subjecting quarry application to review by both the Planning Board and the Town Council. Prior decisions by the Law Court have not expressed any constitutional reservations about a scheme that provides for *de novo* review of an application by more than one body in a municipality. *See Stewart v. Town of Sedgwick,* 2000 ME 157 ¶ 7, 757 A.2d 773, 776 (review by planning board followed by *de novo* review by zoning board of appeals). Windham Properties argues, however, that the dual review process established in § 140-33 of the Windham ordinance is unconstitutional because it does not adequately define the role that the Town Council is intended to play in the approval of a quarry application.

---

[2] "Municipal officers" are defined to mean members of the Town Council. Ordinance § 140-42, R. II, Tab 2 at 143.

After first providing that the Planning Board shall follow the site plan review requirements in section 140-38 of the ordinance when more than 25,000 square feet is to be developed as a quarry, section 140-33 then provides:

> The removal of stone, sand and gravel from banks and quarries and the processing of said materials <u>shall not be permitted without the approval of municipal officers</u> . . .. The municipal officers may approve the removal and processing of such materials after public hearing thereon, and <u>a finding that such removal and processing will be performed subject to the conditions and safeguards set forth in this section.</u>

§ 140-33(A), R. II, Tab 2 at 77 (emphasis added). *See also* § 140-33(C) ("Approval from the Planning Board and the Municipal Officers is required prior to the applicant initiating any phase for which the applicant seeks approval") (R. II, Tab 2 at 78).

In terms of "the conditions and safeguards set forth in this section," § 140-33(C) sets forth specific information to be submitted to the Planning Board, *see* § 140-33(C)(1)-(8), R. II Tab 2 at 78-79, and § 140-33(D) specifies that the plan review "shall take into consideration at least the following" – setting forth 17 specific issues to be addressed. Windham Properties contends that § 140-33 does not provide fair warning that the Town Council's review may also involve the issues set forth in § 140-33(D). The court, however, is required to interpret statutes and ordinances to avoid unconstitutionality, *Town of Baldwin v. Carter*, 2002 ME 52 ¶ 9, 794 A.2d 62, 66-67, and concludes that § 140-33 can be reasonably interpreted to permit the Town Council to consider the issues set forth in § 140-33(D) in determining whether to approve a quarry application.[3]

---

[3] Indeed, if the municipal officers are not supposed to consider the issues in § 140-33(D), there is precious little else for them to consider. There are two subsections entitled § 140-33(C). The first sets forth exceptions. The second sets forth information that has to be considered in a planning board application. § 140-33(E) applies to excavation activities and sets forth buffers, minimum excavation distances from residences and roads and a maximum depth in relation to the water table. § 140-33(F) applies to rehabilitation requirements after operations cease. § 140-33(G) applies to continuing compliance, reports, and expansions after initial approval. § 140-

3

Similarly, the court concludes that at least as to two of the subsections of § 140-33(D) on which the Town Council found the Windham Properties' application to be unsatisfactory, there is no constitutional infirmity as to vagueness. The requirement of safe "entrances and exits," §140-33(D)(4), provides sufficient standards to pass constitutional muster, as does the requirement that there be no discernable vibration, § 140-33(D)(16). *See, e.g., American Legion, Field Allen Post #148 v. Town of Windham*, 502 A.2d 484, 485 (Me. 1985).

The court has some reservations about the vagueness of § 140-33(D)(9), which reads in full as follows:

> Provisions for temporary or permanent drainage and sediment control.

However, it is reasonable to interpret that subsection as implicitly requiring that there be "adequate" provision for temporary or permanent drainage and sedimentation control. As so interpreted, the provision is not void for vagueness.

More problematic is § 140-33(D)(8), which reads in full as follows:

> Area and depth of excavation.

It is obvious that the area and the depth of excavation have to be considered in connection with any application. However, on its face § 140-33(D)(8) says nothing as to how area and depth should factor into any decision. The Town Council found that Windham Properties had failed to address § 140-33(D)(8) in a satisfactory manner because of potential impact on ground water and on wetlands. *See* R. II, Tab 3 at 13. If this were the only issue on which Windham Properties had been turned down, the court would be hard pressed to say that § 140-33(D)(8) provides adequate standards or adequate notice to an applicant that water table issues and wetlands are included

---

33(H) contains a performance bond requirement, and § 140-33(I) sets forth separate requirements for loam stripping.

4

within that standard.[4] Because the disapproval of Windham Properties' application does not depend solely on § 140-33(D)(8), however, this issue does not require the court to overturn the Town Council's decision.

Finally, the court is also not called upon to consider the wisdom of the dual review system set up by the Windham ordinance.

3.    Specific Challenges to Town Council Decision

In its decision, the Town Council found that Windham Properties' application did not satisfactorily address the issues set forth in § 140-33(D)(4) (safe entrances and exits), (8) (area and depth of excavation), (9) (provision for temporary or permanent drainage), and (16) (vibration levels). Pointing out that the Planning Board had been satisfied on these issues, Windham Properties argues that the Town Council's contrary determinations are arbitrary, capricious, or not supported by substantial evidence.

In order to affirm the Town Council's decision, the court need only find that one of the grounds on which the Town Council disapproved the application was not arbitrary, capricious, or unsupported by substantial evidence. In this case, focusing on two issues as to which Windham Properties' claim of vagueness has been rejected, §§ 140-33 (D)(4) and 140-33 (D)(16), the court concludes that the Town Council did not act arbitrarily or capriciously and that there was substantial evidence to support its finding that Windham Properties had not satisfactorily addressed those two criteria.

---

[4] The water table is addressed more specifically in § 140-33(E)(5), and there is nothing in § 140-33(D)(8) which gives fair notice that a quarry that complies with § 140-33(E)(5) could nevertheless be found to jeopardize the water table under § 140-33(D)(8). Moreover, the general language in the first sentence of § 140-33(D) ("The Planning Board may impose such conditions as are necessary to safeguard the health, safety, and welfare of the community") does not appear to be sufficient to dispel the vagueness problem as to § 140-33(D)(8). *See Kosalka v. Town of Georgetown*, 2000 ME 106 ¶ 12, 752 A.2d 183, 186; *Cope v. Town of Brunswick*, 464 A.2d 223 (Me. 1983).

The court has considered Windham Properties' other arguments but concludes that they can be rejected without discussion.

The entry shall be:

At least two of the criteria upon the Windham Town Council based its decision are not void for vagueness, and on those two criteria the decision of the Town Council not to approve plaintiff's application is affirmed. The court does not reach plaintiff's vagueness challenge to other aspects of the Windham ordinance or plaintiff's other challenges to the Town Council's decision.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     May __13__, 2008

Thomas D. Warren
Justice, Superior Court

Date Filed __02-07-07__      __CUMBERLAND__      Docket No. __AP-07-009__

County

Action __80B APPEAL__

WINDHAM PROPERTIES, LLC

INHABITANTS OF THE TOWN OF WINDHAM
WINDHAM TOWN COUNCIL
WINDHAM PRESERVATION COMMITTEE (PII)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MICHAEL H HILL ESQ<br>ERICA M JOHANSON ESQ<br>MONAGHAN LEAHY<br>PO BOX 7046<br>PORTLAND ME 04112-7046<br>(207)774-3906 | NATALIE BURNS ESQ. (TOWN OF WINDHAM AND<br>JENSEN BAIRD      WINDHAM TOWN COUNCIL)<br>PO BOX 4510<br>PORTLAND ME 04112-4510<br>775-7271<br><br>SCOTT ANDERSON, ESQ. PII<br>ONE PORTLAND SQUARE (Windham Comm)<br>PORTLAND, MAINE 04112-05896 |

Date of
Entry