**Rhoda HERRICK**

v.

**TOWN OF MECHANIC FALLS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1996.

Decided April 10, 1996.

---

Anthony K. Ferguson, Fales & Fales, Lewiston, for Plaintiff.

John W. Conway, Linnell, Choate & Webber, Richard L. Trafton, Trafton & Matzen, Auburn, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Rhoda Herrick appeals from the judgment entered in the Superior Court (Androscoggin County, *Gorman, J.*) denying her appeal from an adverse decision of the Mechanic Falls Zoning Board of Appeals concerning alleged unpermitted activity by the Parent Lumber Company. Herrick argues the Board erred in finding the activity of the lumber company either a permitted "agricultural" use or the lawful expansion of a legal nonconforming use within the rural zone. Based on the limited record before us we cannot say the board erred, and therefore we must affirm the judgment.

Rhoda Herrick and the Parent Lumber Company both own real property on Route 26 in Mechanic Falls within the rural zone as designated by the Mechanic Falls zoning ordinance. Parent Lumber Company and its predecessor sole proprietorship have operated a sawmill on the property since 1947 and were so using the property when the town first adopted a zoning ordinance in 1964. In 1984 the town issued a building permit to Parent Lumber Company for the construction of a new 24' × 100' sawmill, and in 1987 the town issued permits for a 60' by 100' "pole building," a 24' × 30' garage, and a 24' × 40' shed. These three permits were reissued in September 1988. In May 1991 the lumber company obtained a permit to build an 18' × 75' shed. In August 1992 Herrick requested that the Mechanic Falls code enforcement officer revoke the 1984, 1987, 1988 and 1991 building permits, order abatement of the commercial use of the lumber company's structures, and order the structures removed or converted to conforming uses pursuant to the Mechanic Falls revised zoning ordinance. The town's acting code enforcement officer refused Herrick's request on the ground that the lumber company's commercial activity was a "legal nonconforming use" and the added buildings "accessory" to that legal use. Herrick appealed the denial of her request to the Board. The Board denied Herrick's appeal from the code enforcement officer's refusal to abate or convert the commercial use of the lumber company's structures on the basis that the Parent Lumber Company's use of the property was "either a permitted or legal nonconforming use" or a lawful expansion of a legal nonconforming use. Herrick appealed to the Superior Court. The court affirmed the Board's decision, and Herrick appealed.

We review the decision of the Board of Appeals directly for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me.1991). One seeking to overturn such a decision has the burden of establishing that the evidence compels a contrary conclusion. *Id.* A zoning board of appeals has discretion in determining whether an activity is within the scope of a permitted, nonconforming use. *Id.* "We may not ... substitute our judgment for that of the Board." *Tompkins v. City of Presque Isle,* 571 A.2d 235, 236 (Me.1990). "If there is relevant evidence in the record to reasonably support the Board's conclusion, the fact that

the record contains inconsistent evidence or inconsistent conclusions could be drawn from the evidence does not invalidate the Board's holding." *Boivin v. Town of Sanford,* 588 A.2d at 1199.

The record in this case is devoid of any evidence from which one could determine the exact nature of operations on the property of Parent Lumber's predecessor in 1964, at the time the ordinance was adopted. The record does not reveal the nature of the operations of Parent Lumber itself when the ordinance was amended in 1984 and in 1987 or when the permits for the construction of buildings on the property were issued in 1984, 1987, 1988 and 1991. Neither is there any evidence in the record as to the exact nature of the operations of Parent Lumber Company in 1992 when Herrick requested that the code enforcement officer order the activities abated. The Board made no factual findings as to the original use of the property or any change thereafter. The record includes no request by Herrick for findings. In the absence of such a request for findings, we proceed on the assumption that findings were made for the prevailing party on all factual issues necessary to the decision. *Woods v. Bath Indus. Sales, Inc.,* 549 A.2d 1129, 1132 (Me.1988). Rhoda Herrick bore the burden of proving Parent Lumber Company's use of the property in violation of the applicable zoning ordinance. The Board found that Herrick failed to carry her burden. On the basis of the record before us we cannot say that the Board erred.

The entry is:

Judgment affirmed.

All concurring.