1999 ME 42

Frank A. JULIANO, Sr.

v.

TOWN OF POLAND.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1999.

Decided March 2, 1999.

Bryan M. Dench (orally), Harold N. Skelton, Skelton, Taintor & Abbott, P.A., Auburn, for plaintiff.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

**WATHEN, C.J.**

[¶ 1] Plaintiff Frank A. Juliano appeals from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) affirming a decision of the Town of Poland Board of Appeals. The Board upheld a stop work order issued by the Poland Code Enforcement Officer directing Juliano to cease construction at his Poland bottling plant. Finding that the Board exceeded its authority, we vacate the judgment.

[¶ 2] The facts presented to the Board can be summarized as follows: Frank Juliano owns a small commercial bottling plant in an area of Poland zoned as Rural Residential. In July 1995, during his final weeks as Poland's Code Enforcement Officer, Ralph Stanley issued a building permit to Juliano for the construction of two forty by sixty foot additions to his existing building. In September 1997, Edward Blow, the new Code Enforcement Officer, ordered Juliano to cease construction at his bottling plant because he "did not have a Building Permit for the activity" he was conducting.[1] Juliano responded by calling attention to his 1995 permit.

[¶ 3] The parties pursued informal negotiations without success and Juliano's attempts to clarify the basis of the stop work order were ineffective. On November 4, Juliano appealed Blow's stop work order to the Board.[2] At the hearing, the Board discussed

1. The Poland Land Zoning Ordinance prescribes the duties of the Code Enforcement Officer as follows:

> It shall be the duty of the Code Enforcement Officer to enforce the provisions of this Ordinance. If the Code Enforcement Officer shall find that any provision of this Ordinance is being violated, he shall notify in writing the person responsible for such violation, indicating the nature of the violation ordering the action necessary to correct it. He shall order discontinuance of illegal use of land, buildings, or structures, removal of illegal buildings structures, additions, or work being done, or shall take any other action authorized by this Ordinance to insure compliance with or to prevent violation of its provisions.

2. The Poland Land Zoning Ordinance gives the Board of Appeals authority to hear administrative appeals from decisions of the code enforcement officer and reverse or modify a decision by the concurring vote of at least four members. The ordinance also dictates a certain period for appeal from the decision of a code enforcement officer: "In all cases, a person aggrieved by a decision of the Code Enforcement Officer shall commence his appeal within 30 days after a decision is made by the Code Enforcement Officer." The Board specifically found that it had jurisdiction over Juliano's appeal despite the 30 day appeal period prescribed by the ordinance. Because neither party raised the issue on appeal, we assume that the Board found jurisdiction on the basis that a "decision," within the meaning of the statute, was not reached until November 3 due to the informal negotiations between the parties and Juliano's attempts to clarify the reason for the stop work order. Nonetheless, we note that the ordinance specifies a definite appeal period and although we have implied a good cause exception in ordinances without definite appeal periods, such a good cause exception cannot be implied when the ordinance prescribes a specific appeal period. *See Wright v. Town of Kennebunkport*, 1998 ME 184, ¶ 8, 715 A.2d 162, 165.

both the possibility that Juliano's 1995 permit had been issued in error (because Juliano's facility did not qualify as "small commerce" and thus required a conditional use permit rather than a building permit) and that Juliano had exceeded the limits of the permit.[3] The Board did not definitively determine which issue was before it. After discussing the matter at length on the record, the Board denied Juliano's appeal in a written decision.

[¶ 4] Pursuant to M.R. Civ. P. 80B, Juliano appealed the decision of the Board to the Superior Court, which upheld the Board's decision. This appeal followed. Juliano contends that the Board's decision was improperly based upon a finding that the 1995 permit was issued in error.

■■■■ [¶ 5] We review directly the decision of the administrative board, examining the record developed before the board. *See Cobbossee Dev. Group v. Town of Winthrop*, 585 A.2d 190, 192 (Me.1991). We review the decision of a board of appeals for "abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 9, 712 A.2d 1047, 1049. We are bound to affirm the decision of a board of appeals unless it was "unlawful, arbitrary, capricious or unreasonable." *Driscoll v. Gheewalla*, 441 A.2d 1023, 1029 (Me.1982).

[¶ 6] The Board received evidence and argument to the effect that the construction activity exceeded the terms of the 1995 permit. At least three members of the Board voted to deny Juliano's appeal on that basis.[4] The Board's written opinion, however, upholds the stop work order solely on the basis that the 1995 permit was invalidly issued

---

3. The stop work order read in its entirety:

According to the records in this Office, you do not have a Building Permit for the activity you are undertaking on your property at 854 Maine Street Poland, Tax Map 6 Lot 24.

My records show that; although you applied for Planning Board approval for an addition in 1993, you did not complete the process.

Therefore: You are Hereby Ordered to cease all construction activity at 854 Maine Street until you have obtained the necessary permits.

If you fail to comply with the action indicated, I will refer this matter to the Municipal Officials for possible legal action in District Court. You may be subject to civil penalty of up to 2500 dollars, if found to be in violation of the Town of Poland, Land Use Ordinance, in addition, you may be required to reimburse the Town for its Attorneys fees.

If you disagree with my interpretation of the Poland Land Use Ordinance, you may take an administrative appeal to the Board of Appeals, if you do so within 30 days of receipt of this notice.

4. During a portion of the meeting specifically designated as decision-making, the four members of the Board who were present voted unanimously to uphold the stop work order. Board Member Joe Radziszewski stated that he believed the stop work order, admittedly unclear, was intended to state that Juliano had a building permit but he had exceeded its bounds: "[Code Enforcement Officer Blow] sees it as one building and I think that's the issue that's on the table.... [N]ow they got one roof over it, and from the testimony that I'm hearing, it sounds like it's one building, segregated in different areas to get around a Zoning Ordinance." Radziszewski remarked that given that, the Board should affirm the stop work order because Blow was within his authority in issuing it. Board member Erland Torrey agreed with Radziszewski. Board member John Holloway stated that Juliano had "built outside the parameters" of his permit. Final Board member Mark Hyland was adamant that Juliano's facility contained more than 2500 square feet and thus did not qualify as "small commerce." He argued that Juliano required a conditional use permit rather than a building permit, essentially stating that the 1995 permit had been issued in error. He explained his view as follows:

[T]he floor space clearly exceeds that in small commerce under the Land Zoning Ordinance.... I think that this clearly requires a conditional use permit.... I, there's lots of conflict over whether he's constructed, whether he has a building permit for the activity he's undertaking or whether the second permit or the original permit should be revoked. That's something for the lawyers to deal with, not me. I think that we have really one issue to deal with. That is: was Mr. Blow justified in issuing a stop work order at the facility, and I think he was justified, because the facility clearly doesn't comply with the Land Zoning Ordinance.

Upon questioning by Juliano's attorney as to the exact basis of the Board's decision, Hyland responded:

I'm making two findings, or suggesting two findings here. The first is that under [a 1991] permit a larger building was constructed than was permitted. The second is that although Mr. Juliano has a second permit in his possession, that the facility, or whatever he has at the site doesn't comply with Section 4.2.3 of the Poland Land Zoning Ordinance.

because Juliano's facility did not fall within the permitted use category of "small commerce" and therefore requires a conditional use permit for any construction. The written opinion states:

*Finding of Fact*

. . . .

4. The applicant proposes to construct additional buildings of which he already has permits for on such property.

. . . .

Other relevant facts are:

. . . .

2) The second permit was granted by the Town in 1995 for two 40x60 sq. ft. additions. Those additions were under construction prior to the stop work order. . . .

*Conclusions*

Based upon the above stated facts and the provisions of the ordinance cited the Board concludes that

1) Mr. Juliano's facility is not a small commerce, commercial and service facility less than 2500 sq. ft. of gross floor space and therefore requires a Conditional Use permit under the Town's zoning ordinance 4.2.4.

■ [¶ 7] Section 6.8.2(4) of the Poland Land Zoning Ordinance requires that an appeal from a decision of a Code Enforcement Officer be commenced within thirty days of the decision. In this case, the stop work order, if issued because the work permit obtained by Juliano in 1995 was invalidly issued, is in essence a challenge to the former Code Enforcement Officer's decision to issue the building permit. Considered as an appeal from a prior decision of a Code Enforcement Officer, the stop work order was issued nearly two years after the permit was granted and was not timely due to the thirty day appeal period specified in the ordinance. We have noted that "[s]trict compliance with the appeal procedure of an ordinance is necessary to ensure that once an individual obtains a building permit, he can rely on that permit with confidence that it will not be revoked after he has commenced construction." *Wright v. Town of Kennebunkport,* 1998 ME 184, ¶ 8, 715 A.2d 162, 165.

■ [¶ 8] The Board was authorized to consider and appears to have considered whether Juliano exceeded the bounds of an otherwise valid permit. Nevertheless, because the Board's written decision upholds the stop work order expressly on the basis that Juliano's permit was invalid, the Board exceeded its lawful authority.

The entry is:

Judgment of the Superior Court vacated.

Remanded with instructions to vacate the decision of the Poland Board of Appeals and remand for further proceedings consistent with this opinion.