STATE OF MAINE
Cumberland, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

MAR 8  1 20 PM '01

SUPERIOR COURT
Civil Action
Docket No. AP-99-093
TED- CUM - 3/8/2001

J. & J. WEST TRUST
(Carmen T. Smith, trustee) and
ATLANTIC NATIONAL TRUST, LLC

      Plaintiffs/Appellees

   v.

CITY OF PORTLAND and
PROPRIETORS OF CUSTOM
HOUSE WHARF,

      Defendants/Appellants

**DECISION and ORDER
ON APPEAL**

## I. BACKGROUND

Appellant J. & J. West Trust (West) owns property located at number 50 Portland Pier. Appellant Atlantic National Trust LLC (Atlantic) is a tenant occupying the fourth floor of 50 Portland Pier.

Appellee Proprietors of Custom Wharf (Custom House) is a corporation that owns property adjacent to Portland Pier.

This ia an action pursuant to M.R.Civ.P. 80B contesting the City of Portland Planning Board's (Planning Board) approval of a Site Plan Application submitted by Custom House to construct a 21,000 square foot, three-story commercial building on Custom House Wharf, the pier immediately opposite West's Portland Pier. A public hearing was held at which the Planning Board approved Custom House's site plan

application. West and Atlantic appeal the decision on three grounds. [1]

First, appellants maintain that Custom House did not submit site plans for the entire site and that the Planning Board failed to consider the impact of the proposed new building. They contend that the area is already highly congested and dangerously overrun with vehicular and pedestrian traffic. Specifically, appellants contend that §§ 14-522, 14-525(b)(2)(g), 14-526(a)(4) & (17) and 14-314(1)(u) of the Portland Code were violated. They appeal the Planning Board's approval of the site plan based on the alleged code violations and ask for a reversal.

Second, they claim that the Planning Board abused its discretion in approving the stacked parking because stacked parking is allegedly prohibited by the zoning ordinance. [2]

Third, in connection with the site plan review application of Custom House, that the City zoning administrator determined that the proposed site plan met the height requirements of the code.

West appealed the decision to the Portland Board of Appeals (PBA). The PBA unanimously denied the appeal and upheld the zoning administrator's decision. Appellants maintain that the PBA incorrectly interpreted and applied the definition of building height in the code as well as incorrectly calculated the number of parking spaces required for the building. They appeal the PBA's decision and ask

[1] In its brief Custom House also raised the issue of standing and asserted that the appellees were not in a position to challenge the Planning Board and PBA decisions except as to the height of the building. The court determines that standing is present, that the appellants appeared in opposition before the Planning Board and PBA and they are abutters, albeit their properties are not contiguous. We are dealing with wharfs which jut out as fingers into Portland harbor. The unique nature of the property here should not defeat appellants' ability to be heard.

[2] It should be noted that the term "stacked parking," is not defined by either party.

for a reversal.

## II. STANDARD OF REVIEW

This Court independently examines the record and reviews the decision of the Planning Board and the PBA for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *Cumberland Farms v. Town of Scarborough*, 1997 ME 11, ¶ 3, 688 A.2d 914, 915. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did. " *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). As such, the court is not permitted to make findings independent of those explicitly or implicitly found by the Board, or substitute its judgment for that of the Board. *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991).

In reviewing the Planning Board's and the PBA's approval of the site plan submitted by Custom House, the court must affirm the decisions, unless such decisions were unlawful, arbitrary, capricious or unreasonable with respect to issues litigated before the municipal body. *Juliano v. Town of Poland*, 1999 ME 42, ¶5, 725 A.2d 545, 547. Also, the fact that the record contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the [board's] findings from being sustained if there is substantial evidence to support them. *Ryan v. Town of Camden*, at 975. The Board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). In addition, appellants bear the

burden of establishing that the Planning Board and the PBA committed either an abuse of discretion, an error of law or reached conclusions unsupported by competent evidence in the record. *Kosalka v. Town of Georgetown*, 2000 ME 106, ¶10, 752 A.2d 183, 186. They must establish that the evidence compels a contrary conclusion. *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me. 1996).

## III. DISCUSSION

West and Atlantic first claim that appellees failed to comply with the submission requirements for adequate site plan review pursuant to the Portland code. They argue that only a small portion of the site was depicted and that the absence of the contiguous areas from the site plan caused the Planning Board to discredit the impact of the proposed development on parking, pedestrian safety and automobile traffic. Second, they claim that the Planning Board abused its discretion in approving the stacked parking because stacked parking is allegedly prohibited by the zoning ordinance. Third, they maintain that the Planning Board's failure to impose a change in the overall height of the building as a condition of approval was an abuse of discretion due to legal error. [3]

Appellants have failed to meet their burden of proof that either the Planning Board or the PBA committed an abuse of discretion, an error of law or reached

---

[3] Appellants submitted to the Planning Board that the market value of the 4th floor of 50 Portland Pier would be substantially diminished by the obstruction of its view from the harbor and that a 4′ 3″ reduction would have been sufficient to minimize any adverse effect. The maximum height allotted for the building pursuant to the zoning ordinance is 35′.

The zoning administrator calculated the height of the building at 30.5′. The PBA unanimously affirmed the city zoning administrator's methodology used in determining the building's height. The zoning administrator determined that the dormers did not occupy a substantial portion of the roof. As such, the PBA concluded that she had properly measured the roof from the grade to the eave, as opposed to from the grade to the dormer. Appellants, however, contend that the dormers on the proposed building constitute a substantial portion of the roof and that the building height for zoning purposes should have been calculated at more than 38′.

conclusions unsupported by competent evidence in the record. Contrary to their technical arguments surrounding the parking and height requirements, Appellants do not establish that the Planning Board's or the PBA's interpretation of the Portland code resulted in an abuse of discretion with respect to the height of the proposed building or the proposed stacked parking arrangement. They have not adequately established that the evidence contained in the record would compel a contrary conclusion. Furthermore, the schematic site plan and associated materials submitted by appellees are sufficient for both the Planning Board and the PBA to have made an informed and meaningful decision in accordance with the Portland code.

## IV. DECISION

The clerk will make the following entry as the Judgment of the court:

Appeal Denied.

So Ordered.

March 8, 2001

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __10-28-99__     CUMBERLAND      Docket No. __AP 99-93__
                              County

Action _____ APPEAL - 80(b) _____

CARMEN T. SMITH, TRUSTEE OF THE
  J & J WEST TRUST                    THE CITY OF PORTLAND
ATLANTIC NATIONAL TRUST, LLC          THE PROPRIETORS OF CUSTOM HOUSE
                                        WHARF

                                    vs.

**Plaintiff's Attorney**              **Defendant's Attorney**
DAVID A. LOURIE, ESQ 799-4922         F JAY MEYER ESQ (PROP. OF C H W)
189 SPURWINK AVE., CAPE ELIZABETH ME 04107   PO BOX 447, PM  04112    774-7600

                                      CHARLES A. LANE ESQ. (CITY OF PTLD)
                                      389 CONGRESS STREET
                                      PORTLAND, MAINE  04101
                                      874-8480

Date of