STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 CIVIL ACTION
                                                  Docket No. AP-02-001
                                                  EAC—A... ...

NORMAND and FLEURETTE DUMONT,
        Plaintiffs

v.                                                ORDER ON 80B APPEAL

CITY OF LEWISTON and              RECEIVED & FILED          DONALD L. GARBRECHT
DALE and NATALIE BOUCHER,                                                    LAW LIBRARY
        Defendants                          NOV 15 2002
                                                                            NOV 21 2002
                                         ANDROSCOGGIN
                                         SUPERIOR COURT


FINDINGS OF FACTS AND PROCEDURAL HISTORY

        The Dumonts and the Bouchers own abutting parcels of land on Old Lisbon Road in Lewiston, Maine. On August 27, 2001, the Dumonts applied for a building permit to build a retaining wall on their property. On August 27, 2001, the City's Building Inspector approved the application and issued a permit authorizing a "73' x 8' retaining wall that is 4' above grade." On September 23, 2001, the wall was completed. The following day, the Bouchers complained about the wall to the City. In response to that letter, the Building Inspector inspected the wall, and delivered a letter to the Dumonts on September 24, 2001, notifying them that the wall encroached on property owned by the City and property owned by the Bouchers. In that letter, the Building Inspector ordered the Dumonts to cease further construction and remove the wall by the following day. (Record at 3.)

        Although the Dumonts did not comply within that deadline, they cooperated with the City and, in a letter dated October 12, 2001, Gil Arsenault, the City's Deputy Development Director, notified them that they could "commence construction of a retaining wall . . . ." (Record at 5.) The "new" wall was completed soon thereafter.

On October 29, 2001, the Bouchers filed a petition for appeal with the Board of Appeals. In that document, they stated that they were "appealing the issuing of a building permit for a retaining wall . . . and the re-issuance of this permit by the Development Department." (Record at 8.)

The appeal hearing was scheduled for hearing on November 14, 2001. However, in order to allow the Board to conduct a site visit, the matter was rescheduled to December 5, 2001. When the issue of timeliness was raised, the Board determined that the appeal was timely because the permit, as issued, had allowed for a wall higher than that allowed by the Ordinance, and that it therefore created a variance. Before a variance may be granted, abutters must be notified. The Board reasoned that because the Bouchers had not been notified, they should be allowed to contest the permit.

After considering the matter presented, the Board found that the wall constructed by the Bouchers created a public safety hazard, and ordered them to modify the wall to create a minimum sight distance of 250 feet. The Dumonts filed this timely appeal of that decision with the Superior Court. On November 12, 2002, that appeal was argued.

## DISCUSSION

Although there were other issues raised by the Dumonts in their appeal, e.g., alleged ex parte conversations during the site visit, those matters will not be discussed. Based upon a review of the record, the arguments of counsel, and the pertinent caselaw, the court is convinced that the Bouchers' petition for review to the Board was not timely.

Pursuant to Art. VIII § 4(1) of Lewiston's Zoning and Land Use Code:

An administrative appeal shall be taken within thirty (30) days of the date of the decision or action of the enforcement official, or within sixty (60)

2

days of the date of application, if no action has been taken thereon, unless otherwise specified by law.

The "decision or action" that triggered the Bouchers' right to an administrative review was the August 27, 2001 issuance of the building permit. In *Wright v. Town of Kennebunkport*, 1998 ME 184, 715 A.2d 162, the Law Court faced a nearly identical issue. Aggrieved property owners filed an appeal after the Town's Code Enforcement Officer (CEO) refused to revoke a permit, based upon their assertion that the "refusal" had been a decision within the meaning of the Town's Ordinance. In that case, the Court held that:

> If we were to adopt the Board's construction of section 9.3(A), then the 30-day time limit would become a nullity. An individual aggrieved by a CEO's decision to issue a permit could bypass the 30-day appeal deadline simply by requesting that the CEO revoke the permit. "Only petitions for rehearing filed pursuant to officially adopted procedures [, however,] can be relied on to toll a limitations period." *Otis v. Town of Sebago*, 645 A.2d 3, 4 (Me. 1994). Strict compliance with the appeal procedure of an ordinance is necessary to ensure that once an individual obtains a building permit, he can rely on that permit with confidence that it will not be revoked after he has commenced construction.

*Id*, at ¶ 6, p.164-165. Even if the permit, as issued, was invalid, after the 30-day appeal period ended, the Board had no authority to review its issuance. *Id.*, at 165.

To avoid the 30-day limit imposed by the Lewiston Code, the City and the Bouchers have argued that the decision or action ripe for administrative appeal was Arsenault's letter of October 12, 2001, lifting the stop work order. In *Juliano v. Town of Poland*, 1999 ME 42, 725 A.2d 545, however, the Law Court addressed a similar fact pattern, and held the Poland Board had exceeded its authority in considering the stop work order because it did not occur within 30 days after the issuance of the permit.

This court's review of the Lewiston Board's decision is subject to the deferential standard accorded administrative decisions. The record provided shows that the Board made a good-faith attempt to weigh the facts presented in light of the Code, and tried

3

to come up with a rational solution. Nonetheless, it erred when it held that the Boucher's appeal was timely.

## ORDER

For the reasons stated above, the court finds that the Bouchers' October 29, 2001 appeal to the Board was not timely. Because the appeal was not timely, the Board did not have authority to review the issuance of the building permit.

Plaintiffs' appeal granted. Decision of the Board vacated.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: November 15, 2002

_____
Ellen A. Gorman
Justice, Maine Superior Court

4

Date Filed _January 7, 2002_ _ANDROSCOGGIN_  Docket No. ___AP-02-01___

County

Action _80B Appeal_

NORMAND DUMONT and FLEURETTE DUMONT
Lewiston, Maine

CITY OF LEWISTON
DALE BOUCHER and NATALIE BOUCHER
Lewiston, Maine

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Matthew P. Mastrogiacomo, Esq.<br>ISAACSON & RAYMOND, P.A.<br>75 Park St., P.O. Box 891<br>Lewiston, ME 04243-0891 | Richard Golden, Esq. Bar #253 (1-18-02)<br>CLIFFORD & GOLDEN, P.A. (Bouchers)<br>5 Maple Street, P.O. Box 368<br>Lisbon Falls, ME 04252 |
| | Robert S. Hark, Esq. BAR #496 (1-22-02)<br>HARK ANDRUCKI (City of Lewiston)<br>179 Lisbon Street, P.O. Box 7120<br>Lewiston, ME 04243-7120 |

| Date of Entry | |
|---|---|
| 2002<br>Jan. 7: | Received 1-7-02.<br>Filing fee paid.($100.00)<br>Summary Sheet, filed.<br>Complaint, Rule 80(b) with attached Exhibits A, B, C & D, filed.<br>Copies (3) of unserved summonses, filed. |
| " " | On 1-7-02.<br>Notice and Briefing Schedule 80B Appeal of Governmental Actions mailed<br>Matthew P. Matrogiacomo, Esq., City of Lewiston c/o Robert Hark, Esq. and<br>Dale & Natalie Boucher, 125 Old Lisbon Rd, Lewiston, ME, on 1-7-02.<br>(Plaintiffs' Brief is due on or before February 18, 2002.) |
| Jan. 10: | Received 1-9-02.<br>Summonses (2) filed showing officer's returns of service on 1-4-02 upon<br>Defendants Dale and Natalie Boucher. |
| Jan. 15: | Received 1-15-02.<br>Summons with attached Acceptance of Service filed showing acceptance on<br>1-8-02 by Robert S. Hark, Esq. on behalf of Defendant City of Lewiston. |
| Jan. 22: | Received 1-18-02.<br>Entry of Appearance, filed.<br>Richard Golden, Esq. appears on behalf of Defendants Dale and Natalie Boucher. |
| " " | Received 1-22-02.<br>Entry of Appearance, filed.<br>Robert S. Hark, Esq. appears on behalf of Defendant City of Lewiston. |
| Feb. 7: | Received 2-7-02.<br>Correspondence from Matthew P. Mastrogiacomo, Esq. RE: Parties have<br>stipulated to extend deadline to file Motion for Trial on Facts and record on<br>appeal for one week, filed. |
| | OVER |