STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-44
PAF - YOR - 10/21 - 04

ELLEN C. RAUCH,

        Plaintiff

    v.

TOWN OF KITTERY,

        Defendant

**ORDER
AND
DECISION**

OCT 26 2004

The plaintiff is the owner of a small non-conforming building on a tiny non-conforming lot in Kittery. A prior owner had sought and was denied permission to demolish and replace the building because the building had been extensively damaged as a result of neglect.

In this case the plaintiff applied to the Kittery Code Enforcement Officer for a building permit. The building permit application indicated that the plaintiff would jack up house, remove and replace existing foundation, install a new septic system, renovate existing structure and add a second story using existing footprint and exterior walls. The application stated that "exterior dimensions and walls to remain the same and standing." A building permit was granted on October 31, 2003 which stated exterior dimensions and walls to remain.

It appears that, as construction proceeded, the builder determined that some existing walls were too badly damaged and beyond repair and decided to replace them. On March 2, 2004 the Code Enforcement Officer issued a Notice of Violation and Order because "the majority of the exterior walls were of new construction" and because the

new construction of the exterior walls was broader and more extensive than the allowable opportunity to "repair and maintain" which is permitted by the Town's ordinance. The plaintiff's appeal of the Notice of Violation and Order was denied by the Kittery Board of Appeals and a three count amended complaint was filed with the Superior Court. Count I is a request for review pursuant to Rule 80B, M.R.Civ.P., while Count II is a takings claim and Count III alleges a due process violation. Count I was separated from the other counts, briefed and argued.

I find that the Board's actions were correct for two reasons. First the Town is correct that the plaintiff applied for a building permit with stated conditions and got a permit with conditions as requested. If the petitioner had wanted the option of replacing walls, she should have requested such approval. If she believed that the building permit was unduly restrictive, the offending restrictions should have been challenged initially. See *Juliano v. Town of Poland*, 1999 ME 42, ¶7, 725 A.2d 545, 8. There was no request for a permit with more generous conditions nor any challenge to the permit as issued. The Board was correct in its findings and decision.

The Board is also correct for a somewhat more complex reason. The Kittery Zoning Ordinance, at Section 16.28.130(A) indicates that, "A nonconforming building may be repaired or maintained...." A second section 16.28.140 governs the "Reconstruction of nonconforming buildings." These ordinance sections suggest that since non-conforming buildings are not generally favored an owner should be attentive to the needs of the building so that the building can be kept habitable through normal repairs and maintenance. At some point repairs and maintenance become so extensive as to equal reconstruction. Without stating it so directly it appears that it was determined that replacing walls would result in an impermissibly expansive project, a project that went beyond whatever the exact outer limits of repair and maintenance are.

2

As none of the other arguments of the plaintiff are meritorious, the entry is:

Appeal denied on Count I. Decision of the Kittery Board of Appeals of April 16, 2004 is affirmed. The parties shall submit a proposed scheduling order for Counts II and III.

Dated:        October 21, 2004

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:

SUSAN B DRISCOLL, ESQ.
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

DEFENDANT:

DUNCAN A MCEACHERN ESQ
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME   3904