STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-51

*C-/'/F- \ ï. 3l4 0ʘ*

TIMOTHY and TERRIL FERNALD,

Plaintiffs

v.                                                      ORDER

TOWN OF ELIOT,

Defendant

This case comes before the Court on Petitioner Timothy Fernald's appeal of a decision of the Zoning Board of Appeals of the Town of Eliot pursuant to M.R. Civ. P. 80B. Following hearing, the appeal is Denied and the decision of the Zoning Board of Appeals is Affirmed.

## FACTUAL BACKGROUND

Petitioner Timothy Fernald was granted a conditional use permit in 1985 to operate an auto repair garage with the following restrictions:

1.     A limit of six (6) vehicles, exclusive of owner's vehicle, to be allowed at any one time.
2.     The working hours to be 8:00 a.m. to 5:00 p.m. for business purposes.

On February 7, 2005, the Code Enforcement Officer ("CEO") of the Town of Eliot issued Mr. Fernald a Notice of Violation and Order to Correct for violations of the Town Zoning Ordinance ("Ordinance"). Mr. Fernald was specifically cited for operating an automobile graveyard, a prohibited use in the Village District where he lives. Ordinance § 45-290. In addition, Mr. Fernald was cited for violations of the Waste Container Ordinance. Ordinance § 45-422. Mr. Fernald appealed the decision of the

CEO to the Zoning Board of Appeals ("ZBA"). After a public hearing, the ZBA concluded that the intent of the 1985 conditional use permit was to permit Mr. Fernald to conduct an auto repair garage. The ZBA found that more than three unregistered unserviceable vehicles were on the property creating an auto graveyard. The ZBA also found that that the waste container in Mr. Fernald's front yard was not screened in as required under the Ordinance.

## DISCUSSION

Mr. Fernald first argues that the ZBA erred in determining that he violated his auto repair garage permit by conducting and auto graveyard on his property. He contends that the permit does not specifically state that the six vehicles stored on the property must be "serviceable." Next, he asserts that for the waste container provision of the Ordinance to be violated, the waste container must be located in a front yard. He argues that his waste container is not located in the front yard because there is no street to demarcate where a front yard would be. The access drive to his property is Spruce Lane, which he argues is a dirt road wholly contained within the boundaries of his property.

The Superior Court reviews the findings of the ZBA "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Yusem v. Town of Raymond*, 2001 ME 61, P7, 769 A.2d 865, 869. As the party seeking to overturn the ZBA's decision, Mr. Fernald has the burden of establishing that the evidence compels a contrary conclusion. *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me. 1996). In other words, a demonstration that no competent evidence supports the ZBA's findings is required in order to vacate the board's decision. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017. The Court will not substitute its own

2

judgment for that of a local administrative board. *Thacker*, 2003 ME 30, ¶ 8, 818 A.2d at 869.

Interpretation of the provisions of an ordinance is a question of law. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786. The language at issue in the ordinance must be construed reasonably and with regard to both the ordinance's specific object and its general structure. *Id.* Each undefined term is generally given its common and generally accepted meaning unless the context of the ordinance clearly indicates otherwise. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996) (interpreting a statute).

a.    Auto Repair Garage vs. Auto Graveyard

The Ordinance clearly distinguishes between an auto repair garage and a auto graveyard. The Ordinance defines auto repair garage as:

> a place where, with or without the attendant sale of engine fuels, the following services may be carried out: general repair, engine rebuilding, rebuilding or reconditioning of motor vehicles, collision service, such as body, frame, or fender straightening and repair, and overall painting and undercoating of automobiles.

Ordinance § 1-2

The Ordinance further defines auto graveyard as:

> a yard, field, or other open area used as a place of storage for three or more unregistered or unserviceable, discarded, worn-out, or junked motor vehicles, including all vehicles which cannot pass the state inspection test in their existing condition or are otherwise inoperable.

In interpreting the Ordinance, the ZBA determined that an auto repair garage, when conducting its business, must have repairable, serviceable vehicles on the property. The Court agrees. Common sense dictates that an auto repair garage repairs vehicles for further use on the roads. An auto graveyard is a resting place for unregistered, unserviceable vehicles that cannot pass state inspection. In examining the

3

Ordinance as a whole, this is a reasonable interpretation that applies a common sense meaning to the terms of the Ordinance.

The next question is whether the ZBA had substantial and competent evidence before it to conclude that Mr. Fernald was conducting an impermissible auto graveyard. The evidence before the ZBA included testimony from the CEO that most of the vehicles on the property were inoperable, were not inspected, and were parked there for at least six months; a series of nine photographs presented by the CEO depicting more than ten vehicles covered in snow;[1] and no evidence that less than three vehicles were stored on the property. Rather, when asked how many vehicles he had on the property, Mr. Fernald said he could not remember. (R. p. 30). However, earlier he admitted to having up to 17 vehicles on the property. (R. p. 28). There is substantial and competent evidence in the record to support the ZBA's finding that Mr. Fernald has more than three unregistered, unserviceable vehicles on his property. When confronted with whether Mr. Fernald was operating an auto repair garage pursuant to his 1985 conditional use or an impermissible auto graveyard, the ZBA had substantial and competent evidence to conclude the latter.

b.    Waste Container

Mr. Fernald argues that his waste container is not located in his front yard and therefore does not have a setback or screening requirement pursuant to § 45-422. His theory is that a for a front lot to exist it has to be bordered by a "qualifying street," which, he argues, Spruce Lane is not. Ordinance § 1-2.

Waste containers that are visible from a public way or within fifty (50) feet of a residential structure must be enclosed or screened from abutting properties. Ordinance

---

[1]    The photographs show many vehicles with their windshields covered in snow and no tire tracks leading away from the property. This indicates that the vehicles were being stored there for a period of time.

4

§ 45-422(2). The first issue is whether Spruce Lane is a recognized street under the Ordinance. If so, the area between Mr. Fernald's house and Spruce Lane is considered his front yard. *Id.* The Ordinance defines street as "highways, avenues, boulevards, roads, town ways, lanes, bridges, and all other public ways dedicated to public use." Ordinance § 1-2.

Mr. Fernald admitted that he shared the long driveway (Spruce Lane) with others for years. Furthermore, the tax map of the Town of Eliot shows that Spruce Lane provides the only access to at least five other lots.[2] Spruce lane is not merely a driveway to Mr. Fernald's property, but rather it is a public way. Accordingly, Mr. Fernald's waste container is located in his front yard and must comply with the setback and screening requirements of the Ordinance. A Spruce Lane neighbor testified that the waste container is located inches from her house. (R. p. 32). She testified that the container is overflowing with trash and generates a rancid smell. Another neighbor testified that she does not want his trash flowing all over the road. (R. p. 32). The ZBA was provided pictures of the waste container.

The Court concludes that there is substantial and competent evidence in the record to support the ZBA's finding that Mr. Fernald's waste container is in the front yard, within fifty feet of a residential structure, and not screened in as required by the Ordinance.

The entry will be as follows:

The Petitioners' appeal is Denied and the decision of the ZBA is Affirmed.


Dated:        March 14, 2006

PLAINTIFF: Neal Weinstein Esq.
           PO Box 660
           Old Orchard Beach  Me  04064-660

G. Arthur Brennan
Justice, Superior Court

---

[2]    The following Spruce Lane residents testified at the hearing: Deborah Metcalf, 17 Spruce Lane; Betsy West, 14 Spruce Lane; and Laurie Remick, 20 Spruce Lane.

DEFENDANT: Katherine Knox, Esq.,    BERNSTEIN SHUR SAWYER AND NELSON
           PO Box 9729
           Portland Me  04104-5029