STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-05-080

LESLIE COHEN,

           Petitioner

    v.

ARTHUR SCHWARTZ and the
TOWN OF NAPLES,

           Respondents

           **ORDER**

This case comes before the Court on Petitioner Lelsie Cohen's administrative appeal of the decision of the Zoning Board of Appeals of the Town of Naples denying Ms. Cohen's appeal and affirming the issuance of a building permit to Respondent Arthur Schwartz. After hearing, the Court reverses the decision of the Zoning Board of Appeals.

## BACKGROUND

Arthur Schwartz is the owner of two lots on Sebego Lake, Maine, one of which is separated by a ten-foot right of way ("ROW") for various landowners to access the beach. His property is recorded as lot 70 on the tax map. In 1998, Mr. Schwartz conveyed a twenty-foot strip of land to Ms. Cohen's brother on the eastern boundary. This conveyance placed Mr. Schwartz's lot in nonconformance with the setback requirements of the Ordinance. The boathouse that was once twenty-two feet and twenty-five feet from the eastern boundary was now two feet and five feet from the boundary. Section 15(A)(7) of the

Ordinance requires a minimum setback of 20 feet for all structures.[1]

In 2004, Mr. Schwartz applied to the Town of Naples Zoning Board of Appeals (the "Board") for a set back reduction permit to a rotate a 12' X 20' one floor boathouse on the eastern lot and move it ten feet from the property line abutting Ms. Cohen's property.[2] The Board approved the setback reduction of ten feet without conditions and with no mention of a boathouse. However, the minutes of the 2004 meeting indicate that "[t]he approval of the setback reduction is to move the boathouse to the new location only." (Exhibit C, p. 4). Ms. Cohen did not appeal this decision.[3]

In 2005, upon discovering that the existing boathouse was not structurally sound to move it to the desired location, Mr. Schwartz applied to the Code Enforcement Officer ("CEO") for a building permit to construct a new boathouse, 28' X 30' with two floors and three bedrooms, operating under the same set back reduction permit.[4] The CEO issued the building permit, which was upheld by the Board. This appeal followed.

## DISCUSSION

Ms. Cohen's position is that the setback reduction was granted for the specific purpose of moving the existing boathouse ten feet. When that boathouse

---

[1] The conveyance also reduced the shore frontage of the eastern lot from 60 feet to 40 feet.

[2] Ms. Cohen is acting as personal representative to the Estate of her deceased brother, Doug Sinclair, the former owner of the abutting property.

[3] Ms. Cohen argues now that the 2004 setback reduction was issued in error because Mr. Schwartz's lot was not a pre-existing nonconforming structure. However, that decision of the Board was not appealed.

[4] Ms. Cohen contends that the location of the new building is less than ten feet in certain areas from the eastern property line; 7' X 9" from one corner, 8' X 8" from another corner as measured by a neighbor. Mr. Schwartz contests this measurement because it was not completed by a surveyor or anyone qualified to measure lot lines.

was no longer movable, the setback reduction became inapplicable to any other structure. She maintains that when he tore down the original 12' X 20' boathouse, he gave up his right to erect any other structure on the lot. As such, she argues that the existing building permit to allow a much larger boathouse with three bedrooms based on the previous setback reduction is in violation of the Ordinance.[5]

In response, Mr. Schwartz contends that the setback reduction applied to the lot itself, rather than to any particular structure. Mr. Schwartz's ten-foot setback reduction was approved. The ten-foot setback was recorded in the Registry of Deeds with no mention of moving the boathouse. When that structure fell apart, Mr. Schwartz appropriately filed for a building permit on a piece of property with a deeded ten-foot setback. Thus, he argues that because the Board did not place any conditions on the issuance of the setback reduction, his actions are consistent with the Ordinance.

According to section 16(G)(3) of the Ordinance, "setback reductions are only available to reduce the minimum requirements for setbacks of <u>structures</u> from Lot boundary lines. . . . A setback reduction appeal shall not be granted to enable construction or renovation that will create additional dwelling units." (emphasis added).[6] Furthermore, "setback reductions appeals may only be granted the minimum extent necessary to accomplish the purpose of the appeal." The Board may reverse a decision of the CEO only upon a finding that the

---

[5] Ms. Cohen further argues that Mr. Schwartz's lot became a nonconforming ungrandfathered lot in 1998 when Mr. Schwartz conveyed a twenty-foot strip of land to Ms. Cohen's brother, leaving Mr. Schwartz with only a forty-foot property, which is not enough to build on under the Ordinance.

[6] Although Mr. Schwartz proposes to construct three new bedrooms, the Board did not consider these to be dwelling units. They determined that a dwelling unit was one with a kitchen, bathroom, and bedroom.

3

decision was clearly contrary to specific provisions in the Ordinance.

The Superior Court reviews the findings of a local town board "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Yusem v. Town of Raymond*, 2001 ME 61, P7, 769 A.2d 865, 869. As the party seeking to overturn the Board's decision, Ms. Cohen has the burden of establishing that the evidence compels a contrary conclusion. *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me. 1996). In other words, a demonstration that no competent evidence supports the local board's findings is required in order to vacate the board's decision. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017. The Court will not substitute its own judgment for that of a local administrative board. *Thacker*, 2003 ME 30, ¶ 8, 818 A.2d at 869.

Interpretation of the provisions of an ordinance is a question of law. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786. The language at issue in the ordinance must be construed reasonably and with regard to both the ordinance's specific object and its general structure. *Id.* Each undefined term is generally given its common and generally accepted meaning unless the context of the ordinance clearly indicates otherwise. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996) (interpreting a statute).

In this case, the issue is whether the CEO's issuance of the building permit for construction of a larger construction based on the ten-foot setback reduction permit was clearly contrary to specific provisions in the Ordinance. Mr. Schwartz argues that the language of the setback provision, which was properly recorded in the Registry of Deeds, is the golden ticket to his success in this suit. The permit simply states that he has a ten-foot setback without referring to any

4

particular structure. Generally speaking, the practice of the Board as explained in the minutes of the hearing, is to issue setback reduction permits for lots without indicating that they apply to a particular structure.[7] (Record, Tab E, p. 6).

Despite this local practice, the Ordinance clearly states that a setback reduction permit is available for the setback of <u>structures</u>. Ordinance § 16(G)(3)(a). The Ordinance further states that setback reductions may only be granted the minimum extent necessary to accomplish the purpose of the appeal. Ordinance § 16(G)(3)(h).

In deciding to grant the setback reduction permit, the Board specifically stated that the sole purpose of the permit was to move the existing boathouse ten feet. Although the actual permit does not mention a structure, the plain language of the Ordinance and the Board's explicit intentions indicate that the purpose of the setback reduction was to move the existing boathouse. Thus, when the original 12′ X 20′ boathouse was no longer movable, the setback reduction became inapplicable to any other structure. From that point on, Mr. Schwartz did not have a setback reduction permit with which to apply for another building permit. The proper course of action would have been to apply for another setback reduction permit for the proposed 28′ X 30′ foot boathouse.

Accordingly, the issuance of a building permit for the 28′ X 30′ boathouse without a setback reduction permit is in violation of the setback provision of the

---

[7] This means that a lot owner could petition for a ten foot setback for a 10′ x 10′ building, and later decide that it wanted a 20′ x 20′ building, or bigger, when it came time for construction. If construction began after the appeal date, those interested abutters who were in agreement with the construction of the 10′ x 10′ building would be unable to appeal the Board's decision. This practice frustrates general notions of due process.

5

Ordinance.[8]  See Ordinance § 15(A)(7).

The entry is as follows:

The decision of the Zoning Board of Appeals of the City of Naples is REVERSED.  The issuance of the building permit for the 28' X 30' foot boathouse was in violation of the Ordinance.

DATE: _May 24, 2006_

_____
Roland A. Cole
Justice, Superior Court

---

[8] The parties informed the Court that there is a case pending in the Superior Court to determine title of the ROW dividing Mr. Schwartz' property.  Mr. Schwartz believes that if he has title to the ROW, then he is in compliance with the twenty-foot setback provision of the Ordinance.

6

Date Filed __10/21/05__ __CUMBERLAND__ Docket No. __AP-05-80__

County

Action __80B APPEAL__

LESLIE COHEN

ARTHUR SCHWARTZ
TOWN OF NAPLES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID JOHNSON, ESQ.<br>MARILYN MISTRETTA, ESQ.<br>100 MIDDLE STREET, EAST TOWER<br>PORTLAND, ME 04101<br>828-8000 | JOHN F. LOYD, JR. ESQ. (NAPLES)<br>167 PARK ROW<br>BRUNSWICK, MAINE 04011<br>729-1144<br>Glenn Israel, Esq. (Schwartz)<br>David Soley, Esq. (Schwartz)<br>PO Box 9729<br>Portland, ME 04104-5029<br>774-1200 |

Date of
Entry

2005