STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-40

YOR-∴-⌐|2|6₀

KENDALL BAGGE,

Petitioner

v.                                          **ORDER**

TOWN OF NEWFIELD,

Defendant

This case comes before the Court on Petitioner Kendall Bagge's 80B appeal from a decision of the Town of Newfield Zoning Board of Appeals. Following hearing, the appeal is Denied.

## FACTUAL BACKGROUND

Robert Thibeault owns a corner parcel of unimproved real property located at 280 Whitehouse Road in the Town of Newfield. Shepard Island road runs along the eastern side of the property. The Land Use and Zoning Ordinance of the Town of Newfield ("the Ordinance") provides that new development in the Shoreland District requires a road setback of 50 feet "[f]rom the right-of-way or 75 feet from the center line, whichever is greater."[1] Art. VI, § 5(E)(2). In Mr. Thibeault's application for a building permit, he proposes to build a house more than 75 feet from the center lines of both Whitehouse Road and Shepard Island Road.

Kendall Bagge is Mr. Thibeault's neighbor on the western side of the property. Mr. Bagge's only access to his property is over Mr. Thibeault's property via an access

---

[1] The Shoreland District applies to all land areas within 250 feet of the normal high water mark of any pond or river.

drive that leads easterly to Shepard Island Road. Mr. Thibeault's proposed house will be 20 feet from the access drive.

The Code Enforcement Officer approved Mr. Thibeault's building permit and the ZBA denied Mr. Bagge's appeal. Mr. Bagge filed a timely appeal to the Superior Court pursuant to M.R. Civ. P. 80B.

## DISCUSSION

The core of this dispute revolves around the proximity of Mr. Thibeault's proposed house to Mr. Bagge's access drive to his property. Mr. Bagge argues that the access drive is a deeded right-of-way and therefore a recognized road under the Ordinance. As such, any proposed development must be set back 50 feet from the right of way or 75 feet from the center line of his access drive. In response, Mr. Thibeault argues that the access drive is only a driveway as it serves as Mr. Bagge's only access to a public road and does not service any other properties. Furthermore, Mr. Thibeault argues that Mr. Bagge's deed does not specifically mention the access drive as a right-of-way.

The Superior Court reviews the findings of the Town of Newfield Zoning Board of Appeals ("ZBA") "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Yusem v. Town of Raymond*, 2001 ME 61, P7, 769 A.2d 865, 869. As the party seeking to overturn the ZBA's decision, Mr. Bagge has the burden of establishing that the evidence compels a contrary conclusion. *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me. 1996). In other words, a demonstration that no competent evidence supports the ZBA's findings is required in order to vacate the board's decision. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017. The Court will not substitute its own judgment for that of a local administrative board. *Thacker*, 2003 ME 30, ¶ 8, 818 A.2d at 869.

2

Interpretation of the provisions of an ordinance is a question of law. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786. The language at issue in the ordinance must be construed reasonably and with regard to both the ordinance's specific object and its general structure. *Id.* Each undefined term is generally given its common and generally accepted meaning unless the context of the ordinance clearly indicates otherwise. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996) (interpreting a statute).

Constructing a single-family dwelling in the Shoreland District is a permitted use under the Ordinance. However, the Ordinance provides that new development in the Shoreline District requires a set back from the normal high water mark of 100 feet, a side yard setback of 20 feet, and a road setback of 50 feet "[f]rom the right of way or 75 feet from the center line, whichever is greater." Art VI, § 5(D)(2). An issue of interpretation arises because the Ordinance does not define the word "road" or the term "road set back." When a term is not defined in an ordinance, the Court will apply a common and generally accepted meaning of the word unless the context of the Ordinance clearly indicates otherwise. It is common knowledge that there is a distinction between a road and a driveway. A road is generally open to the public and provides access to other premise.[2] Roads, generally, are also marked with signs indicating their official names to facilitate travel. Finally, municipalities generally undertake the responsibility to maintain roads, unless another arrangement is made. On the other hand, a driveway is not a public way, does not have an official name, and the responsibility for its maintenance lies with its owner. Mr. Bagge's access drive leads to one place, his home. The Court finds that this access drive is a driveway, not a road.

Turning to the context of the Ordinance, the Farm and Forest District, the Rural

---

[2]    See Webster's II New College Dictionary (2001).

3

District, and the Village District contain identical standards for the minimum front yard set back, 50 feet "[f]rom the right of way or 75 feet from the center line, whichever is greater." Art. VI, §§ 2, 3, 4. Because the application of a road set back and a front yard set back apply the same standards, the context of the Ordinance does not clearly indicate that these terms have separate meanings.

Front yard set back is defined in the Ordinance as "the distance between the street right-of-way or easement line extending the width of the frontage, and the nearest part of any principal or accessory structure." Art. XII, p. 63. Frontage is defined as "the linear distance between the sidelines of a lot, measured along the lot line that borders upon whatever right-of-way serves as the legal access to the lot." The Ordinance considers the following ways a legal access to a lot: 1) a way accepted or established by the Town, 2) a way shown on an approved subdivision plan, 3) a right-of-way established in a recorded deed. However, "the measurement of frontage shall not include that portion of the distance between the sidelines which is encumbered by a recorded right-of-way for the purpose of providing access to another lot."

Mr. Bagge argues that the plain language of the Shoreland District Standards does not require frontage. In interpreting the Ordinance, the Court must construe the language reasonably and with regard to both the Ordinance's specific object and its general structure. The overall object of the Ordinance is to encourage appropriate use of land. See Art. II. The general structure of set backs in the Ordinance is to provide front yard, side yard, and back yard setbacks from roads, structures, and bodies of water. Due to the similarity in the standards of the various districts, and the uniform structure of providing a 50 foot or 75 foot setback for a front yard or a road setback, the Court finds that it is reasonable to construe the road set back in the Shoreland District in the

4

same fashion as it would the front yard set back in the other Districts.[3] This interpretation does not frustrate the goals of the Ordinance to protect the Shoreland Districts. Those areas remain protected by the prohibition against building within 100 feet of the normal high water mark. Art VI, § 5(D)(2).

Here, the ZBA appropriately determined that the set back must be measured from a right-of-way that provides frontage to Mr. Thibeault's property and serves as legal access to his property. Mr. Bagge's driveway does not provide legal access to Mr. Thibeault's lot. Mr. Thibeault's legal access to his property will be from Whitehouse Road. Furthermore, even if Mr. Bagge's driveway is recorded in the deed as right-of-way, the Ordinance provides that recorded rights-of-way that merely provide access to another lot are not legal rights-of-way for the purposes of measuring frontage and ultimately determining the appropriate set back. Art. XII, p. 61[4]

The entry will be as follows:

The decision of the Z.B.A. is Affirmed.

Dated:    June 12, 2006

PLAINTIFF:
THOMAS VAN HOUTEN ESQ
469 MAIN ST SUITE 101
HERITAGE PLACE
SPRINGVALE ME   04083

DEFENDANT TOWN OF NEWFIELD:
LEAH RACHIN ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

G. Arthur Brennan
Justice, Superior Court

PARTY-IN-INTEREST- ROBERT THIBEAULT
JOHN SHUMADINE ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085

---

[3]    The Town may have avoided the term front yard setback in the Shoreland District because a front yard setback requires an analysis of the width of frontage along a recognized legal access to the property. When drafting the Ordinance, the Town may have envisioned that Camp roads along lakes and ponds would be problematic because they may not have been accepted as Town ways, or approved by a subdivision plan, or recorded in a deed, and thus may not technically be considered legal access roads.

[4]    The deed is ambiguous as to whether it specifically refers to the access drive across Mr. Thibeault's property as the right-of-way. It refers to a right-of-way on the westerly side of the property leading to the main road, which appears to be Whitehouse road. The access drive is on the easterly side of the property and leads to Shepard Island road.