ENTERED DEC 1 0 2014

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-47
DHM-KEN- 12-02-14

DEBORAH COSGROVE,
     Petitioner

v.

**ORDER**

DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
     Respondent

Before the court is a M.R. Civ. P. 80C appeal from a decision of the Department of Health and Human Services (DHHS) terminating Petitioner's eligibility from Home and Community Benefits for the Physically Disabled Services under section 22.04 of the MaineCare Benefits Manual. On November 22, 2013, an administrative hearing office of the Division of Administrative Hearings sustained the decision of the DHHS in terminating Ms. Cosgrove's section 22 services under the home and community based waiver program on the grounds that Ms. Cosgrove is "endangered since she remained at home receiving services under this Section and because Ms. Cosgrove has failed to demonstrate the skills necessary to successfully manage her personal-health maintenance, including satisfactory management of the PCA."

A hearing was held before the hearing officer on September 30, 2013, where the petitioner appeared by phone and the eight witnesses appeared and rendered testimony. The hearing officer also noted a number of findings of fact including the determination that Ms. Cosgrove was a sixty year old woman with a diagnosis that includes Paraplegia, Diabetes, Asthma, and Chronic Pain, and that she has been paralyzed since the age of eighteen due to spine tumors. Her son has been providing her services for many years under section 22 as her Personal Care Assistant (PCA). She is served by a number of different agencies such as, Professional Assistance Program, Home Health Services, and the MaineCare Waiver Program. After finding the particular medical conditions, the findings indicate that complaints have been made regarding the Petitioner's quality of care with Adult Protective Services, such as unsanitary conditions of the home, personal hygiene issues, physical injuries, and infections resulting in numerous hospitalizations. Because of these numerous circumstances, Ms. Cosgrove was transferred to Lakewood Manor Nursing Manor on May 21, 2013, where she remains.

Petitioner denies the facts as found by the hearing officer. She insists the majority of the information presented at the hearing was inaccurate and taken out of context when she talked to providers about her care. She was uncertain of the

process in providing witnesses at the hearing. She seeks to be returned to her home, continue under section 22 benefits, and supervise her son as her PCA. In fact, at oral argument she made it clear that she wanted only her son to be responsible for her care.

The party seeking review of an administrative agency action has the burden of proof to show that the decision of the agency is not supported by competent evidence. *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304 (Me. 1996). This court's review of the final agency action is to determine if there was an abuse of discretion, error of law, or findings unsupported by substantial evidence on the record. *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348 (Me. 1996).

Ms. Cosgrove received procedural due process by being given notice of and an opportunity to be heard at the hearing before the administrative officer. The record is clear that the respondent applied the law in its regulation to that which was, to a large extent, an uncontested state of facts regarding Ms. Cosgrove's circumstances. The record is sufficient and the decision is supported by competent evidence. Notwithstanding Ms. Cosgrove's assertion of her capability in training and supervising her son as her PCA, the evidence appears otherwise.

For these reasons, the entry will be:

Petition for review is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

DATED: 12-2-14

Donald H. Marden
Superior Court Justice

| Date Filed | 12/23/13 | Kennebec County | Docket No. AP-13-47 | F |

Action: <u>Petition for Review</u>
      80C

**J. Marden**    ~~J. Murphy~~

| Deborah Cosgrove | vs. | Department of Health & Human Services |

| Plaintiff's Attorney | Defendant's Attorney |

Deborah Cosgrove, Pro Se
220 Kennedy Memorial Drive
Waterville, ME 04901

Janine Raquet, AAG
84 Harlow St., 2nd Floor
Bangor, ME 04401

**Date of Entry**

| 12/26/13 | Notice of Appeal, filed 12/23/13. s/Cosgrove, Pro Se<br>Application to Proceed Without Payment of Fees, Affidavit, filed 12/31/13. |
| 1/2/14 | ORDER, Murphy, J. (1/1/14)<br>The filing fee is waived.<br>Copy to Petitioner. |
| 1/2/14 | Entry of Appearance for DHHS, filed. s/Raquet, AAG |
| 1/27/14 | Certified Record, filed (1/23/14). s/Raquet, AAG |
| 1/27/14 | Notice and Briefing Schedule issued.<br>Copy to Deborah Cosgrove, Janine Raquet. |
| 3/4/14 | Letter requesting extension to file brief, filed. s/Cosgrove, Pro Se |
| 3/12/14 | Letter indicating Respondent does not object to a 30-day extension for Petitioner to file Brief, filed. s/Raquet, AAG |
| 3/18/14 | ORDER, Murphy, J. (3/12/14)<br>Petitioner's request is GRANTED. Her brief is therefore due 4/4/14.<br>Copy to Petitioner and AAG Raquet. |
| 4/1/14 | Letter requesting extension to file brief, filed. s/Cosgrove, Pro Se |
| 4/15/14 filed | Letter in response to Petitioner's letter filed 4/1/14, objecting to any further extension,<br><br>4/11/14. s/Raquet, AAG |
| 4/24/14 | Brief and attachments, filed 4/18/14. s/Cosgrove, Pro Se |
| 4/30/14 | ORDER, Murphy, J. (4/29/14) (re: Brief filed 4/18/14).<br>Court will accept this filing. |

| | |
|---|---|
| | Copy to Petitioner and AAG Raquet. |
| 6/10/14 | Respondent's Brief, filed 6/9/14. s/Raquet, AAG |
| 6/25/14 | Oral argument scheduled for 9/3/14 at 2:00. Notice of Hearing sent to Petitioner and AAG Raquet. |
| 8/27/14 | Letter requesting continuance of 9/3 oral argument, filed 8/27/14. s/Cosgrove, Pro Se |
| 9/9/14 | Letter indicating Respondent objects to request for continuance, filed 9/2/14. s/Raquet, AAG |
| 9/9/14 | Oral argument rescheduled for 11/5/14 at 1:00. Notice of Hearing sent to Petitioner and AAG Raquet on 8/29/14. |
| 9/9/14 | Oral argument rescheduled for 11/6/14 at 10:00. Notice of Hearing sent to Petitioner and AAG Raquet. |
| 9/24/14 phone. | Letter sent to Petitioner requesting phone number to participate in oral argument by |
| 11/4/14 | SPECIAL ASSIGNMENT ORDER, Humphrey, CJ (10/23/14) It is ORDERED that J. Donald Marden is assigned to hear and dispose of all matters that may arise in connection with this case, including hearing the case on the merits. Copy to Petitioner and AAG Raquet. |
| 11/7/14 | Hearing held 11/6/14, J. Marden presiding. Deborah Cosgrove, Pro Se; Janine Raquet, AAG Tape 1950, Index 3917-5437 Under advisement |
| 12/8/14 | ORDER, Marden, J. (12/2/14) Petition for review is DENIED. Copy to Petitioner and AAG Raquet Copy to repositories |
| 12/8/14 | Notice of removal of Record sent to AAG Raquet |